# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SOUTHERN EXPRESS CO. v. JACOBS.

### December 3, 1908.

1. PLEADING—*Failure to Take Rules—Correction by Court—Code, Section 3293.*—On a motion·to remand a case to rules because the clerk had not taken the rules maturing the case for hearing, it is not error for the trial court to over-rule the motion, retain the case and require the clerk to enter the proper rules on the rule-book maturing the case for hearing; it appearing that the defendant was in no wise prejudiced by the failure of the clerk to take the rules at the proper time. Under the provisions of section 3293 of the Code, the court has control over all proceedings in the clerk's office during the preceding vacation.

2. REMOVAL OF CASE TO FEDERAL COURT—*Time for Filing Petition.*—A petition to remove a case from the State court to a Federal court must be filed on or before the rule-day on which a plea in abatement must be filed, else it will be too late; and under the provisions of section 3260 of the Code, all pleas in abatement must be filed before there is a conditional judgment at rules.

3. CARRIERS—*Damages to Stock—Evidence—Values Six Weeks After Injury.*—In an action to recover damages of a carrier for an injury received by a horse while in transit, a witness who saw the horse immediately before shipment and also six weeks thereafter may give his opinion as to the value of the horse at the latter date. The lapse of time affects the weight of the testimony, not its admissibility.

4. EVIDENCE—*Opinion of Witness—Qualification—Carriers—Damages to Stock.*—In an action against a carrier to recover damages for an injury inflicted on horses while in transit, a witness who has had large experience with horses, and who knew the particular horses for whose injury the action is brought, their temperament and characteristics, and who knew the kind of stalls in which they were shipped and is familiar with the effect of such confinement upon horses of that class, may give his opinion as to the effect of shipping horses a long distance in such stalls. This is

not common Knowledge of which the jury would be possessed independent of such evidence.

5. CARRIERS—*Shipment of Live Stock—Damage in Transit—Evidence of Value—Expenses of Shipper.*—If, in an action against a carrier to recover damages for injuries inflicted on horses in transit, the carrier proves the prices paid by the plaintiff for the horses, the plaintiff may, in rebuttal, show that, in addition to the price paid for the horses, he also incurred heavy expenses in training and developing the horses in order to obtain the price he expected to receive on the market for which they were purchased.

6. CARRIERS—*Injury to Goods in Transit—Place of Assessment—Measure—Connecting Carriers.*—Generally, the place of destination is to be taken as the basis for determining the damages to goods injured in transit; the measure being the difference between what the goods were worth at the place of destination, as injured, and what they would have been worth if delivered in good order. And this rule referring the measure of damages to the place of destination is applicable where goods are taken for transportation to a point beyond the initial carrier's line.

7. CARRIERS—*Injury to Goods in Transit—Connecting Carriers—Liability of Initial Carrier—Burden of Proof—Code, Section 1294l.*—Where goods shipped on a through bill of lading to a point beyond the line of the initial carrier arrive at destination in an injured condition and the initial carrier is sued for the injury, the burden is upon him to show that the property was not injured on his line. Section 12941 of the Code (1904) declares that whenever property is received by a common carrier, loss or injury to it shall be *prima facie* evidence of the negligence of such carrier.

Error to a judgment of the Circuit Court of Warren county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Downing & Weaver* and *Marshall McCormick,* for the plaintiff in error.

*Byrd & Forsythe,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The business of the defendant in error was to buy in Virginia a class of horses capable of development, and ship them to his stables near the city of New York, there to be trained and developed and resold at high prices. Under a contract with the plaintiff in error, a common carrier, he shipped by express a carload of horses from a station in Clarke county, Virginia, to Rye, N. Y., where his stables were located. This suit was brought to recover of the plaintiff in error damages for injuries alleged to have been sustained by this shipment of horses as a result of the negligence of the defendant company.

The line of the plaintiff in error only extended from the point of shipment in Clarke county to Hagerstown, Maryland, at which place the horses were delivered to a connecting carrier, and by that company transported to Rye, N. Y., the place of destination.

The circuit court held that the plaintiff in error was only liable for the damage sustained by the horses over its own line, and under this ruling a judgment was obtained for $700, the damage shown to have been done to four of the horses before the express car reached Hagerstown, Md.

This judgment we are asked to review and reverse.

We are of opinion that the circuit court did not err in overruling the motion of the plaintiff in error to remand this case to rules. This motion was based upon the ground that there had been no record or entry by the clerk showing any proceedings at rules.

The writ was issued in the case, returnable to 1st of August rules, 1906. The declaration was duly filed as shown by the endorsement thereon. Immediately upon overruling the motion to remand, the court made an order directing the clerk to enter in the rule book at 1st of August rules, process executed, declaration filed, common order; and at 2nd August rules, common order confirmed, writ of inquiry.

Section 3293 of the Code provides, that "The court shall have control over all proceedings in the office during the preceding vacation. It may reinstate any cause discontinued during such vacation, set aside any of the said proceedings, or correct any mistake therein, and make such order concerning the same as may be just."

This statute was ample authority for the court's action in overruling the motion to remand, and directing the clerk to make the proper entries in the rule book. In this case it is shown that the clerk was as ready to receive the pleadings of the defendant as he was to file the declaration of the plaintiff, but no plea of any kind was tendered by the defendant. It is not pretended that the defendant was misled by any misprison of the clerk, nor is it suggested that any opportunity to file pleas or make any defense was lost by reason of any action on the part of the clerk. It was the duty of the clerk to enter the rules properly as required by the statute. His failure to do so, however, could not, in this case, be prejudicial to the plaintiff who had done all that was required to entitle him to his office judgment. *Digges* v. *Dunn's Ex'or,* 1 Munf. p. 56; *Shelton* v. *Welch,* 7 Leigh, 175; *Shadrack* v. *Woolfolk,* 32 Gratt. 715.

We are further of opinion that there was no error in the refusal of the circuit court to permit the plaintiff in error to file its petition for a removal of the cause to the United States District Court.

It is conceded that such petitions must be filed on or before the rule day on which under the practice in this State a plea in abatement must be filed. Under our statute, section 3260 of the Code, all pleas of abatement must be filed before there is a conditional judgment at rules. The defendant not having presented his petition for removal of the case to the Federal court within the prescribed time, its right to make such application was lost. *Martin's Admr.* v. *B. & O. R. Co.,* 151 U. S. 673, 38 L. Ed. 311, 14 Sup. Ct. 533.

The third assignment of error, that the court erred in refusing to dismiss the case, has been disposed of by what has been already said.

We are further of opinion that there was no error in the action of the court with respect to the testimony of the witness, Thompson Sowers.

The complaint is made that this witness was allowed to testify as to the condition of the horses six weeks after the date of the shipment. The witness stated that he had seen the horse in question immediately before its shipment and had seen it six weeks afterwards. The condition of the horse six weeks after the shipment was connected with the injury received and the witness was permitted to give his opinion of its value at that time. The length of time may have affected the weight of the testimony, but it did not affect its admissibility.

Complaint is also made that this witness was permitted to state what, in his judgment, would be the effect of shipping horses a long distance in such stalls as were furnished in this case. The witness was shown to have had large experience with horses. He knew their habits and was familiar with their requirements. He knew these particular horses, their temperament and characteristics, and he knew the kind of stalls in which they had been put and was familiar with the effect of such confinement upon the class of horses in question. The jury were not necessarily informed upon any of these subjects, and it was only by such testimony that they could be put in possession of the facts essential to the formation of a proper judgment in the premises.

Objection is made to the court's permitting the introduction of evidence as to the expense necessary to develop a horse for the New York market. The plaintiff in error had brought out the price which the defendant in error had paid for the horses, for the purpose of impressing upon the jury that the value of the horses was to be regulated by the price paid for them. The evidence objected to was proper to rebut this inference, by show-

ing that in addition to the price paid for the horses he also incurred very heavy expense in training and development in order to obtain the price he expected to receive on the New York market.

Other objections to the admissibility of testimony involve the contention of the plaintiff in error, that the value of the horses was not to be ascertained at the point of destination, but at Hagerstown, the point at which the liability for the horses, on the part of the defendant company, ceased.  The shipper contracted to pay a through express charge for the delivery of the horses at Rye, N. Y.  Under that contract the defendant company only contracted, on its part, to carry the horses on its own lines as far as Hagerstown, but the horses were not consigned to Hagerstown or destined for that place.  Under the express terms of the contract, it was a through shipment to Rye, N. Y., and the charges paid accordingly.  Neither party to the contract contemplated that the horses would be sold in Hagerstown, where there was no market for such horses; or that their value would be fixed at that point or any other point through which they merely passed in their rapid transit to the northern destination agreed upon.  While the liability of the plaintiff in error, according to the construction of the circuit court, for loss would end at Hagerstown, it was none the less its duty to trans-ship the property by other carriers to the point of destination agreed upon, which was Rye, N. Y.

The general rule is, that in case of injury to goods the place of destination is to be taken as the basis for determining the damages, the measure being the difference between what the goods were worth at the place of destination, as injured, and what they would have been worth if delivered in good order. And the rule referring the measure of damage to the place of destination is also applicable where goods are taken for transportation to a point beyond the initial carrier's line.  6 Cyc. p. 530.

Other minor objections are made to the admissibility of

evidence in this case, but it is not necessary to discuss these in detail.   It is sufficient to say that every such objection has been carefully considered and the conclusion reached that the plaintiff in error has not been prejudiced by the rulings complained of.

The 13th assignment of error is to the action of the court in instructing the jury, that if the property when it arrived at Rye, N. Y., was in an injured condition, the burden rested upon the defendant company to show that the property had not been injured upon its own line.

This instruction is in conformity with the ruling of this court in the case of *N. & W. Ry. Co.* v. *Wilkinson,* 106 Va. 775, 56 S. E. 808, where it is held that on proof of delay in delivery a *prima facie* case is made against the initial carrier, and the burden is on it to establish its own freedom from negligence.   It is true that in the case cited it was a shipment of lumber; but the statute, section 12941 makes no distinction between classes of property; on the contrary, it declares in broad terms, that whenever any property is received by a common carrier, loss or injury to it shall be *prima facie* evidence of the negligence of such common carrier.

Other assignments of error with respect to the action of the court in giving and refusing instructions have been practically disposed of by what has been said in connection with the questions arising on the admissibility of evidence.

We are of opinion that the case was fairly submitted to the jury, and that their verdict cannot be disturbed upon the ground that it is contrary to the law and the evidence.

The judgment complained of is affirmed.

*Affirmed.*