# Wytheville.

(

## WICKHAM AND NORTHROP, RECEIVERS, V. GREEN.

### June 9, 1910.

#### Absent, Harrison, J.

1. NON-SUIT AT RULES—*Failure to Enter—Control of Court.*—The failure of a clerk to dismiss a suit as required by the mandatory provision of section 3241 of the Code where one month elapses after the process is returned executed, without the declaration being filed, does not materially affect the rights of the defendant, as the court is given control over such misprisions at the succeeding term by section 3293.

2. NON-SUIT—*Dismissal at Rules—Reinstatement Without Cause.*— The reinstatement, at the following term, of a case dismissed at rules for want of a declaration may be regarded as a matter of course, provided the effect of such reinstatement is to place the case in the position it would have occupied but for the dismissal.

3. NON-SUIT—*Dismissal at Rules—Reinstatement—When Cause Must be Shown—Case at Bar.*—The dismissal of a case at rules by the clerk for failure of the plaintiff to file his declaration within the time prescribed by law is in the nature of a non-suit, which may be set aside by the court at the next succeeding term for good cause shown, but only for cause where the rights of the defendant would be affected thereby. The case will not be reinstated merely because the plaintiff would otherwise suffer inconvenience or loss, as that would, in effect, repeal the statute directing the dismissal. The discretion vested in the court to reinstate the case is judicial, not arbitrary. In the case at bar, if the dismissal w ere set aside and the case reinstated the defendants would be deprived of their plea of the statute of limitations which would otherwise be available.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*Henry Taylor, Jr.*, for the plaintiff in error.

*Edgar B. English, D. C. O'Flaherty* and *M. J. Fulton*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a personal injury action in which there was a verdict and judgment for the defendant in error, who was plaintiff in the trial court.

We are met at the threshold of the case with a question of statutory construction of more than ordinary interest. The summons was issued May 1, 1908 (only seventeen days before the right of action would have been barred by the statute of limitations), and was returnable to second May rules, at which rules the process was returned executed, and the case was continued at that and the succeeding June rules for declaration. When more than one month had elapsed after process returned executed without the declaration having been filed, the clerk called attention of counsel for the plaintiff to that fact and notified them that he would be compelled to dismiss the suit. Thereupon, counsel requested that the order of dismissal be not entered, as they wished to obtain consent of opposing counsel to file the declaration. Having failed to get such consent, the court at the next term, on motion of the plaintiff, granted leave to file the declaration. The defendants, at a later day of the term, submitted a motion to set aside the former order and that the clerk be directed to enter the suit dismissed, on the ground that by allowing the declaration to be filed then and refusing to dismiss the suit the defendants would be denied the right to plead the statute of limitations. But the court adhered to its former ruling and the defendants excepted.

Opinion.

It was the duty of the clerk, by mandatory requirement of section 3241 of the Code, to have entered the suit dismissed. The rights of the defendants, however, were not materially affected by his failure to discharge that function, since such omission was a misprision over which the court is given control at the succeeding term by section 3293. So that, at last the question to be determined is, whether or not the court could, at the next term, under section 3293, relieve the plaintiff from the consequences of his neglect, without excuse, to file his declaration within the time prescribed by section 3241, by granting leave to file the declaration at that term, when the effect of such ruling is to deprive the defendants of an accrued right to plead the statute of limitations.

It is true that the reinstatement of a case at the following term, which has been dismissed at rules for want of declaration, may be regarded as a matter of course, provided the effect of such reinstatement is to place the case in the position it would have occupied but for the irregularity of the clerk's conduct, or for good cause shown where there has been no misprision by the clerk. This we think is the rule fairly deducible from the cases of *Southall* v. *Exchange Bank*, 12 Gratt. 315; *Wall* v. *Atwill*. 21 Gratt. 401; *Alvis* v. *Johnson*, 1 Va. Dec. 381; and *So. Express Co.* v. *Jacobs*, 109 Va. 27, 63 S. E. 17.

Thus, in *Southall* v. *Exchange Bank*, Judge Lee said: "There can be done then that the court might properly, as it did, set aside all the proceedings at rules after the cause had been remanded at the previous term, and permit the plaintiff to do then, in court, what he would and should have done at rules, file his declaration and take judgment for the part not answered by the plea. No injustice could be done by this to the defendant, as it only placed the cause exactly where it would have been but for the irregularities which had occurred at the rules."

In *Wall* v. *Atwill*, *supra*, the court held that the proceed-

ings in the clerk's office had been so irregular that the cause was not properly on the office judgment docket, and should be remanded to rules for proper proceedings.

In *Alvis* v. *Johnson, supra,* the plaintiff was in no default, the clerk kept no rule book, and took no rules. At p. 383, Judge Anderson says: "If it (the amended declaration) was not then filed, it was no fault of the plaintiff.".

In *Southern Express Co.* v. *Jacobs,* 109 Va. 27, 63 S. E. 17, this court said, in reference to section 3293: "This statute was ample authority for the court's action in overruling the motion to remand, and directing the clerk to make the proper entries in the rule book. . . . It is not pretended that the defendant was misled by any misprision of the clerk, nor is it suggested that any opportunity to file pleas or make any defense was lost by reason of any action on the part of the clerk. It was the duty of the clerk to enter the rules properly as required by the statute. His failure to do so, however, could not, in this case, be prejudical to the plaintiff, who had done all that was required to entitle him to his office judgment."

So, in *Buchanan* v. *King,* 22 Gratt. 414, it was held, that where the defendant appears and files his answer or plea, or consents to a decree, he will be taken to have waived the dismissal of the cause, and will not be allowed to insist on it.

The pretension of the defendant in error leads to this, that if in the present case the clerk had complied with the statute and entered the suit dismissed, still the court could have set aside the act of the clerk, though done in strict compliance with the mandate of the statute, without cause, merely to relieve the plaintiff from the consequences of his own default. We have seen no case that sustains the contention, and such a construction of section 3293 would be out of harmony with the whole course of administration of justice under our system of jurisprudence, and would defeat the purpose of the revisors in incorporating section 6, Ch. 171, (the corresponding

section to section 3241 of the Code of 1904) in the Code of 1849. See Report of Revisors, p. 844.

The case of *Lipscomb's Admr.* v. *Winston's Admr.*, 1 H. & M. 453, is cited for the proposition, that a cause dismissed at rules for want of a declaration may be reinstated at the next court as a matter of course; but the grounds for the reinstatement in that case do not appear.

These dismissals by the clerk partake of the nature of non-suits, and the prevailing rule is that motions to set aside a non-suit, or to reinstate a suit after dismissal, are addressed to the judicial discretion of the court. The suit is dismissed under section 3241, because of apparent neglect of duty upon the part of the plaintiff, and it should be reinstated only upon explanation, showing that the neglect of duty was only apparent, or if really existing that there was excuse or extenuation for it. It is not to be reinstated merely upon showing that the plaintiff would suffer inconvenience or loss by reason of its dismissal, as that would as effectually repeal the statute as though its enforcement were left entirely to the arbitrary discretion of the court. In brief, the plaintiff, on moving to reinstate his suit, should be required to show good cause for his motion. Many of the causes which would justify a court in setting aside a non-suit or in reinstating a dismissed cause are mentioned in 14 Cyc. 423.

The following cases further illustrate the general principle that courts will not relieve against mere neglect of parties in such case. *Clark* v. *Stevens*, 55 Iowa, 361, 7 N. W. 591; *English* v. *Wilkins*, 163 Ill. 542, 45 N. E. 287; *People* v. *Justices*, 1 Bar (N. Y.) 478; *Morrow* v. *Malone*, 5 Sneed (Tenn.), 642.

It is always to be regretted when a case has to be disposed of on other grounds than those that go to the very right and merits of the cause. Courts cannot, however, permit considerations of hardship in particular cases to cause them to disregard and set at naught the plain provisions of a positive

statute. To do so would be to usurp legislative functions, and would operate a judicial repeal of the statute.

The view that we have taken of the question raised by the first assignment renders the consideration of the remaining assignments of error unnecessary.

The judgment must be reversed, and this court will make such order as the trial court ought to have made, dismissing the case with costs.

*Reversed.*