## Staunton

### NEWBERRY AND OTHERS V. DUTTON.

September 9, 1912.

Absent, Cardwell, J.

1. EJECTMENT—*Verdict for Defendant—Judgment · for Costs—Sufficiency as to Title.*—Where a declaration in ejectment claims a designated tract of land, described by metes and bounds, and the defendants plead the general issue of not guilty to the whole declaration, and in their grounds of defense deny that the plaintiff has title to any portion of the tract, and the jury "find for the defendants," a judgment thereon simply that the defendants do recover of the plaintiff their costs in that behalf expended is, of itself, sufficient to constitute a final and binding judgment in favor of the defendants as to the land described and involved in the case. The sufficiency of an order entered as a judgment of a court is to be tested by its substance rather than its form.

2. JUDGMENTS—*Matter in Controversy—Pleadings.*—In determining the force and effect of a judgment, the pleadings must be consulted to see what the matter in controversy was.

3. JUDGMENTS—*Relief in Equity—Ignorance—Fraud.*—A court of equity will not relieve against a judgment at law on the ground that it is contrary to equity, unless the defendant was ignorant of the ground of defense, or was prevented from availing himself of it by fraud or accident, unmixed with fault or negligence on his part.

4. EJECTMENT—*Judgment—Relief in Equity—Mistake—Accident.*—A plaintiff in ejectment who has full knowledge of all the facts constituting an alleged mistake in the verdict of the jury and judgment of the court thereon, but who makes no motion in the trial court to correct the mistake, and does not apply for a writ of error, cannot come into a court of equity and have the alleged mistake corrected on the ground of accident and surprise.

5. JUDGMENTS—*Records—Verity—Impeachment.*—Where it appears from the record that a particular issue was determined, no evidence to the contrary will be received. A record imports such absolute verity that no person against whom it is pronounced will be permitted to aver or prove anything against it.

6. Equity—*Affirmative Relief to Defendant—Pleadings.*—On a bill
   seeking to correct a judgment in an action of ejectment and to
   have excepted from said judgment a portion of the land cov-
   ered thereby, where the answer of the defendants seeks no
   affirmative relief, it is error to award a writ of possession in
   favor of the defendants against the plaintiff for the portion of
   the land claimed by him, upon dismissing his bill, with costs.

Appeal from a decree of the Circuit Court of Dickenson
county.   Decree for the defendant.   Complainants appeal.

*Reversed in Part.*

The opinion states the case.

*Chase & Daugherty* and *Sutherland & Sutherland,* for
the appellants.

*Vicars & Peery* and *Columbus Phipps,* for the appellee.

Harrison, J., delivered the opinion of the court.

The record shows that in September, 1903, Thomas
Stone conveyed to Ross Self, by deed duly recorded, a
tract of land described by metes and bounds as containing
one hundred and sixty acres.   It further appears that
afterwards, in September, 1904, Ross Self, the grantee in
the deed mentioned, instituted an action of ejectment
against George W. Dutton and others to recover from them
the fee simple of the same tract of land that the deed from
Stone purported to convey to him.   The declaration in
ejectment describes the land as it is described in the deed
from Stone to Self, and as containing one hundred and
sixty acres.

The declaration was duly served upon the defendants,
who pleaded not guilty, and filed, as required, their
grounds of defense, in which they allege that the plaintiff
never did have title to the premises in the declaration

mentioned, that the legal title to the said premises was vested in others at the time of the institution of the action of ejectment; that the defendants had acquired a perfect and indefeasible title to the lands described in the declaration by parol gift from George Reed, deceased, in his lifetime, and by adversary possession.

Upon the issue thus raised, after hearing all of the evidence, the jury found a verdict for the defendants, and the court entered judgment thereon and awarded costs to the defendants.

Ross Self, the plaintiff in the action of ejectment, made no motion for a new trial, and took no appeal from the judgment rendered therein.

The present suit in equity was brought by Cora Newberry and others, claiming to be the owners of a portion of the land involved in the ejectment suit under a deed from Thomas Stone to whom the land was reconveyed by Ross Self after the ejectment suit was decided. In their original bill they allege that of the one hundred and sixty acres sought to be recovered in the ejectment suit the defendants did not claim 26½ acres, and that only the residue of the 160 acres after deducting the 26½ acres was claimed by them; and that through an oversight and mistake of the clerk and the jury the judgment was entered in favor of the defendant for the premises in the declaration mentioned. The prayer of this bill was that the court direct an order correcting the verdict and judgment in the action of ejectment so as not to include therein any part of the said 26½ acres. In their amended bill the complainants allege that of the 160 acres, sought to be recovered in the ejectment suit, the defendants only claimed 78 acres, that the plaintiff was entitled to the remaining 82 acres, and that the judgment of the court in favor of the defendants was a mistake in so far as it included the 82 acres. The prayer of the amended bill was,

7

that if necessary to do justice the ejectment suit of *Self* v. *Dutton, &c.,* be restored to the docket, and that an order be entered adjudicating that the title to the 82 acres belonged to Ross Self and his successors, and that the defendants therein be restrained from setting up as a. bar, or *res judicata,* the judgment in the action of ejectment to any portion of the 82 acres claimed by them, and that they be granted a writ restoring to them the possession of such land.

There was a demurrer to each of these bills, and upon the hearing the demurrers were sustained and the bills dismissed with costs to the defendant, and a writ of possession was awarded requiring the sheriff of Dickenson county to put the defendant in possession of that portion of the land described in the original and amended bills as belonging to the complainants, which was included in the tract of 160 acres described in the ejectment suit. From that decree this appeal has been taken.

It is contended by the appellants that there was no valid and final judgment in the suit in ejectment. This position cannot be sustained. After the verdict of the jury the court entered, under the style of the suit in ejectment, in its regular order book, the following: "This day came again the parties by their attorneys, and the jury adjourned over on yesterday appeared in court pursuant to their adjournment, and after hearing the conclusion of the evidence of witnesses and argument of counsel, retired to consider of their verdict, and after some time returned into court with the following verdict: 'We, the jury, find for the defendants.' It is, therefore, considered by the court that the defendants recover of the plaintiff their costs in this behalf expended, and that execution may issue."

It is true this order does not follow the old English form of judgment, but it is enough to show that there was a final adjudication of the controversy between the parties,

upon the issue joined, in favor of the defendants, which is all that was necessary.

In 1 Black on Judgments, sec. 115, after discussing the form of a judgment the author says: "It may, therefore, be stated as the modern rule that the form of the judgment is not material, provided that in substance it shows distinctly and not inferentially that the matter had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated. In other words, the sufficiency of the writing claimed to be a judgment should always be tested by its substance rather than its form."

The order in the ejectment case is, of itself, sufficient to constitute a final and binding judgment in favor of the defendant as to the land described and involved in that case. In determining the force and effect of that judgment, the pleadings must be consulted to see what the matter in controversy was. The record of the ejectment case is made part of the original and amended bills, and the plaintiff's declaration, together with his bill of particulars, shows that he sought to recover the whole of the 160 acres, describing the same by metes and bounds. The defendants' plea of the general issue denied the whole of the plaintiff's claim, and the defendants' grounds of defense deny title in the plaintiff to any part of the land mentioned and described in the declaration. Upon the issue joined by these pleadings, the evidence was submitted to and passed upon by the jury and their verdict was rendered finding for the defendants, which was followed by the judgment of the court awarding costs against the plaintiff and in favor of the defendants. It is clear from the record of the ejectment suit that the whole of the 160 acres of land described in 'the declaration was in controversy; that upon the issue joined the jury rendered their verdict for the defendants, upon which a valid, final and

binding judgment was entered by the court in favor of the defendants.

It is further contended by the appellants that, notwithstanding the validity and finality of the judgment in the ejectment suit, they were entitled to have corrected the alleged mistake in the verdict and in the judgment entered thereon.

The original bill alleges that the verdict of the jury should have been for the land in the declaration mentioned exclusive of 26½ acres, and that the verdict and judgment was an oversight and mistake of the jury and the clerk ·which should be corrected. The amended bill alleges that the verdict should have been for the land in dispute exclusive of 82 acres, and that both the verdict and the judgment was a mistake concurred in by all parties. ˙ In the petition for appeal it is claimed that the judgment was entered under such circumstances of accident and surprise as to call for relief in equity from the consequences thereof. There is no allegation of fraud, or that the verdict and judgment as rendered was not known to the plaintiff in the ejectment suit at the time the ·verdict was found and the judgment entered.

If the verdict and judgment were, as alleged, inequitable, and an accident and surprise when rendered, the plaintiff could have moved the court to set the verdict aside, and failing in that could have applied for a writ of error to the judgment. This the plaintiff negligently failed to do, and now after the lapse of more than four years his successors in title come into a court of equity asking for the same relief that was·open to him in the ejectment suit.

In *Gentry* v. *Allen,* 32 Gratt. (73˙ Va.), 254, Judge Staples, speaking for this court, says: "No rule of law is better settled than that a court of equity will not relieve against a judgment on the ground of its being contrary

to equity, unless the defendant was ignorant of the ground of defense, or was prevented from availing himself of it by fraud or accident, unmixed with fault or negligence on his part."

The evidence in the case at bar does not explain or tend to explain the judgment or the alleged mistake therein. Its only effect is to contradict the record by attempting to make it appear that the issue was other than what the record shows it to have been.

In 1 Freeman on Judgments, sec. 275, it is said: "It is important that the evidence offered to explain a record should not contradict it. For it cannot be shown in opposition to the record that a question which appears by it to have been settled was not in fact decided, nor that, while a special cause of action was in issue, a different matter was in truth litigated. In other words, where it appears by the record that a particular issue was determined, all question of fact is excluded, and the court must, as a matter of law, declare such determination to exist and to be conclusive."

In *State* v. *Vest,* 21 W. Va. 796, Judge Green says: "It is certainly a rule invariably recognized by the courts, that a record imports such absolute verity that no person against whom it is pronounced will be permitted to aver or prove anything against it."

In the case at bar the record shows that the title to the 160 acres of land was clearly in issue and that such title was the only issue before the jury. The verdict and the judgment thereon settled and adjudicated that issue in favor of the defendants, and the record thus established cannot now be contradicted.

In view of the facts and circumstances of this case and in the light of the authorities cited, we are of opinion that the appellants were conclusively bound by the record in the ejectment suit, and that there was no error in sustaining the demurrers and dismissing the bills filed by them.

It is properly conceded that it was error for the decree complained of to grant the defendant affirmative relief by awarding him a writ of possession to any part of the 160 acres involved in the ejectment suit.    There was no pleading asking for any such relief, which was alone sufficient ground for denying it.

The decree appealed from must be reversed in so far as it grants the appellee a writ of possession to part of the 160 acres of land involved in the ejectment suit, and affirmed in all other respects, with costs, in favor of the appellants, as their appeal was necessary to correct the error for which the decree complained of is in part reversed.

*Reversed in Part.*