Staunton.

## WALTER TRENT v. CLINCHFIELD COAL CORPORATION.

September 11, 1916.

1. RULES AND RULE DAYS—*Record—Impeachment by Testimony of Clerk.*—
   The testimony of a clerk that rules in an action at law were not entered
   · on the days shown by his official record is not admissible to impeach
   the record made by him. The record imports such absolute verity
   that, in the absence of any allegation of fraud, no person against whom
   it is pronounced will be permitted to aver or prove anything against
   it.
2. PLEADING—*Declaration—Failure to File—Dismissal—Re-Instatement.*—If
   the failure to file a declaration within the time prescribed by law is
   due simply to the negligence of counsel and especially if it will deprive
   the defendant of a defense that he would otherwise have, the court
   will not set aside an order of dismissal for failure to file it. The re-
   fusal to set it aside is not for the lack of power, but because it is deemed
   unwise. The dismissal is in the nature of a non-suit, which the court
   will set aside for good cause, but will not disturb when occasioned by
   mere negligence.

Error to a judgment of the Circuit Court of Dick-
enson county in an action of trespass on the case.
Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Sutherland & Sutherland* and *Finney & Wilson,* for
the plaintiff in error.

*W. H. Rouse* and *Morison, Morison & Robertson,* for
the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought by Walter Trent to. recover of the defendant corporation damages for personal injuries received by him on the 21st day of March, 1913. The suit was not instituted until the 13th day of the following March (1914), and the process was not served on the defendant until the 20th day of March, 1914, the last day within twelve months from the day the injuries were alleged to have been inflicted, and was made returnable to the third Monday in April (April 20, 1914). On the last mentioned day, which was one of the rule days to which the process was returnable, the defendant delivered to the clerk and had filed in the case the following memorandum: "Appearance for Clinchfield Coal Corporation hereby entered and rule given plaintiff to file his declaration, this 3rd Monday in April, 1914. W. H. Rouse, Att'y for Clinchfield Coal Corporation." The clerk's endorsement on this memorandum was as follows: "Filed April 20, 1914. G. H. Jones, deputy for E. B. Chase, clerk."

This action of the defendant to hasten the filing of the declaration was taken in pursuance of section 3240 of the Code which provides that, "A defendant may appear at the rule day at which the process against him is returnable, and if the declaration . . . be not then filed, may give a rule for the plaintiff to file the same. If the plaintiff fail to do this at the succeeding rule day . . he shall be non-suited and pay to the defendant, besides his cost, five dollars."

In regard to this memorandum for a rule against the plaintiff to file his declaration, the rule docket and an entry afterwards endorsed on the declaration show the following: "1914, third Monday in April, appear-

ance of the Clinchfield Coal Corporation by its attorney entered. Rule given plaintiff to file his declaration. The declaration was not filed at the next succeeding rule day, as required by section 3240, and the plaintiff thereby suffered a non-suit and the clerk should have shown this on his rule docket. Instead, however, of entering this non-suit the clerk showed on his rule docket the following: "1914, first Monday in May, continue for declaration." The next rule, on the third Monday in May shows the declaration filed.

Upon this state of the record, at the June term, 1914, the defendant company moved the court to correct the mistake of the clerk apparent on the face of the record, so as to show the non-suit of the plaintiff at the first May rules for failure to file the declaration at that time. The court sustained this motion, corrected the rules and dismissed the case as of first May rules, 1914, under and by virtue of section 3293 of the Code, which provides as follows: "The court shall have control over all proceedings in the office during the preceding vacation. It may reinstate any cause discontinued during such vacation, set aside any of the said proceedings, or correct any mistake therein, and make such order concerning the same as may be just." This action of the court in correcting the first May rules so as to show the non-suit of the plaintiff and the dismissal of the case is the first error assigned by the plaintiff.

There was no controversy as to what appeared in the clerk's official record; but the motion of the defendant to correct the record in the particular already mentioned was resisted by the plaintiff upon the ground that the record did not speak the truth, in this, that the entries there apparent were not made on the dates, or at the rule days shown by the clerk's record,

but were actually made only a few days before the beginning of the term. The only evidence offered by the plaintiff to impeach the clerk's official record was the testimony of the clerk himself to the effect that he did not make the entries on the rule docket until a week or ten days before the commencement of the term, but that he did make a memorandum on rule days for his guidance, and had on file in the case the memorandum filed by the defendant's attorney.

The court properly sustained the defendant's objection to this effort to contradict a solemn official record and to the competency of the clerk to impeach his own official record.

"Rules are orders of court, whether made in court or in the clerk's office." 4 Minor's Inst. (3rd ed.) 663.

In *State* v. *Vest*, 21 W. Va. 796, Judge Green, speaking for the court, says: "It is certainly a rule invariably recognized by the courts that a record imports such absolute verity that no person against whom it is pronounced will be permitted to aver or prove anything against it." Citing numerous authorities.

It is not pretended that there was any fraud in the case at bar. If it were permissible to contradict the official record in question, as to time of entry, it could not be impeached by the officer whose record it is. The same rule applies to the clerk that would apply to a notary in falsifying his certificate of acknowledgment, and in *Hockman* v. *McClanahan*, 87 Va. 33, 12 S. E. 230, it is said: "The notary who took the acknowledgment in the said deed of 1874 now falsifies his own certificate, but this he will not now be heard to do."

In *Harkins* v. *Forsyth, &c.*, 11 Leigh (38 Va.) 306, Judge Tucker, speaking for the court, says: "Nor is it a new principle in the law to deem the certificates

or returns of a public officer, in the execution of his duty, conclusive of the facts which they contain. . . So I presume that when the clerk of a court has certified in his deed book, or upon a deed, that it was duly acknowledged by the parties thereto, the certificate is conclusive of the acknowledgment and cannot be contradicted. By the same reason, the certificate of the justices, who are equally trusted by the law,' must be held unassailable by the testimony of witnesses.

"Still less consistent with reason or principle would it be to permit the officer himself to unravel what he has solemnly done. Can the clerk be permitted to undo a deed acknowledged before him, after the purchaser has paid his money or fulfilled the consideration, by swearing that his certificate was false? And if the clerk cannot do so, upon what principle can the justice? Upon what principle, in short, could the law permit a contract closed and consummated by the act of the justice or the clerk, to be opened up and avoided by their testifying to their own official perfidy? I can see none. . . . Though a mere witness may be admitted to defeat his own attestation, it by no means follows that a public officer should be permitted to defeat a solemn and public act by contradicting his own certificate of the manner in which he has performed it."

The only evidence offered by the plaintiff being the testimony of the clerk that the rules were not entered on the dates shown by his official record, and this testimony being properly rejected as inadmissible, the court properly non-suited the plaintiff's action, as directed by a plain provision of the statute.

The error apparent upon the face of the record, as made by the clerk at first May rules, having been corrected by the court, and the plaintiff non-suited, a motion was made by the plaintiff to reinstate his cause on the docket. This motion was resisted by the

defendant on the ground that it would be thereby deprived of its plea of the statute of limitations upon which it could now and would rely. The motion of the plaintiff to reinstate was refused, which action of the court is assigned as the plaintiff's second ground of error.

The ground relied on by the plaintiff for his motion was that his action would be barred without reinstatement, conceding that the reinstatement would deprive the defendant of its plea of limitation. This motion was properly overruled.

Mr. Burks in his work on Pleading and Practice, sec. 184, says: "If the failure to file the declaration within one month after the process has been returned executed is due simply to the negligence of counsel, and especially if it will deprive the defendant of his plea of the statute of limitations, the court will not set aside the order of dismissal at the rules. The refusal to set it aside is not for lack of power, but because it is deemed unwise. The dismissal is in the nature of a non-suit, which the court will set aside for good cause, but will not disturb when occasioned by mere negligence."

In the case of *Jennings* v. *Pocahontas Collieries Co.,* 114 Va. 213, 76 S. E. 298, the court says: "Promptness in pleading requires a declaration in an action at law to be filed when the suit is instituted or within the time thereafter prescribed by statute, and, therefore, a case dismissed by the clerk for failure to file the declaration within the specified time cannot be reinstated in the absence of sufficient legal reasons therefor. Reasons which flow, as in this case, from causes that could have been readily foreseen or contemplated, and guarded against, will not suffice to warrant the court in retaining the case upon its docket, especially where to do so would deprive the defendant of a defense that he would otherwise have."

In the case at bar it is conceded that a reinstatement would derive the defendant of a defense that he would otherwise have.

In *Wickham* v. *Green*, 111 Va. 199, 68 S. E. 259, the court says: "The pretension of the defendant in error leads to this, that if in the present case the clerk had complied with the statute and entered the suit dismissed, still the court could have set aside the act of the clerk, though done in strict compliance with the mandate of the statute, without cause, merely to relieve the plaintiff from the consequences of his own default. We have seen no case that sustains this contention, and such a construction of section 3293 would be out of harmony with the whole course of administration of justice under our system of jurisprudence, and would defeat the purpose of the statute. . . It is not to be reinstated merely upon showing that the plaintiff would suffer inconvenience or loss by reason of its dismissal, as that would as effectually repeal the statute as though its enforcement were left entirely to the arbitrary discretion of the court. In brief the plaintiff, on moving to reinstate his suit, should be required to show good cause for his motion. . . . It is always to be regretted when a case has to be disposed of on other grounds than those that go to the very right and merits of the cause. Courts cannot, however, permit considerations of hardship in particular cases to cause them to disregard and set at naught the plain provisions of a positive statute. To do so would be to usurp legislative functions, and would operate a judicial repeal of the statute."

Upon the whole case we are of opinion that there is no error in the judgment complained of, and it is affirmed.

*Affirmed.*