## Staunton.

## CITY OF RADFORD V. BROOKS.

### September 17, 1919.

1. PLEADING—*Declaration—Time of Filing—Dismissal by Clerk.*— Section 3241, Code of 1904, provides that: "If one month elapse after the process is returned executed as to any one or more of the defendants, without the declaration or bill being filed, the clerk shall enter the suit dismissed although none of the defendants have appeared."

   *Held:* That this means a month after the "return day" to which process is returned executed; that is, the day to which the defendant is ordered to appear, and from that time he has one month within which to file his declaration. The time is to be computed from the "return day" and not from a day previous thereto on which the process may have been served.

2. DISMISSAL—*Discontinuance and Non-Suit—Dismissed by Clerk. —Reinstatement by Court.*—Where a case was dismissed during vacation for want of a declaration by the clerk only twenty-one days from the return day of process, although more than a month after the process was executed, upon a motion to reinstate at the following term, the court by authority of section 3293 of the Code of 1904 rightly took cognizance of the proceedings in the clerk's office during the preceding vacation, and, treating the order dismissing the suit as a *nullity*, reinstated the case.

3. PLEADING—*Declaration—Matters of Law.*—It is the function of the declaration to set out facts, and not matters of law of which the court takes judicial notice. The allegation of a legal duty, though not unusual, is not essential, and if wrongly stated is not a ground of demurrer.

4. PLEADING—*Declaration—Erroneous Statement of the Law—Demurrer to Evidence.*—A demurrer to the evidence submits the case to the court on the law and the evidence, and the court's attention can be drawn to an alleged erroneous statement of the law in the declaration; and, if the allegation affects the measure of damages, the correct practice is to instruct the jury on the subject.

5. STREETS AND HIGHWAYS—*Liability of City for Defective Side-*

*walk.*—In an action against a city to recover damages for personal injuries sustained by plaintiff in falling while walking along a board sidewalk on one of the streets of the city, the evidence of plaintiff showed a failure on the part of the defendant to use ordinary care to keep the board walk in question in a reasonably safe condition for the use of pedestrians. Part of the sidewalk on account of its condition had been removed entirely, and at the place of the accident it was out of repair and unsafe. A number of the boards were missing, and the court was well warranted in finding that if the missing boards had been replaced the accident would not have occurred. *Held:* That the negligence of the city in failing to repair the sidewalk was not and could not be denied.

Error to a judgment of the Corporation Court of city of Radford in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Harless & Colhoun* and *H. C. Tyler,* for the plaintiff in error.

*H. C. Gilmer,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

The defendant in error, Ellen M. Brooks, brought this action against the plaintiff in error, the city of Radford, to recover damages for personal injuries sustained by her in falling while walking along a defective board sidewalk on one of its streets. The accident is ascribed to the negligence of the defendant in failing to exercise ordinary care to keep the sidewalk in a reasonably safe condition. The defendant demurred to the plaintiff's evidence, and brings error to the action of the trial court in overruling the demurrer and rendering judgment for the plaintiff.

1. The first assignment of error involves the ruling of

the court at the June term, 1918, in reinstating the case on the docket after it had been dismissed by the clerk at rules for the alleged failure of the plaintiff to file her declaration within the time prescribed by section 3241 of the Code.

[1, 2]     The facts in relation to that assignment are these: Process was issued March 28, 1918, returnable to second April rules, April 15, 1918; it was executed March 28, 1918, and on that day, with the fact of its service indorsed thereon, was delivered by the officer to the clerk; the declaration not having been filed on the return day, April 15, 1918, the clerk *on that day* entered in the rule book "process returned executed and continued;" and at the first May rules, May 6, 1918 (after the lapse of only twenty-one days from the return day), the clerk entered an order dismissing the suit for want of declaration. This order of the clerk was plainly without authority. He was acting under section 3241 of the Code, which is as follows: "When clerk to dismiss suit. —If one month elapse after the process is returned executed as to any one or more of the defendants, without the declaration or bill being filed, the clerk shall enter the suit dismissed, although none of the defendants have appeared." This means after the *return day* to which process is returned executed; that is, the day to which the defendant is ordered to appear, and from that time he has one month within which to file his declaration. In other words, the time is to be computed from the return day and not from a previous day on which the process may have been served. The clerk's own record shows that he treated the second April rules as the return day, for on that day he entered on the rule book, "process returned executed and continued." But, notwithstanding the fact that the declaration was filed on May 10, 1918, the clerk made an order dismissing the suit at first May rules, May 6, 1918, less than one month after the return of the process to second April rules. Hence, when the motion was made at the June term, 1918, to re-

instate the case, the court by authority of section 3293 of the Code rightly took cognizance of the proceedings in the clerk's office during the preceding May-June vacation, and, treating the order of the first May rules dismissing the suit as a *nullity,* reinstated the case. The clerk thereupon noted the filing of the declaration at the second May rules, as he should have done in the first instance, and the case was regularly matured for hearing.

2. The second assignment of error is to the action of the court in overruling the demurrer to the amended declaration, in that it alleges a higher degree of care on the part of the city in the matter of maintaining the board sidewalk than is imposed by law.

[3] The objection is without merit. It is the function of the declaration to set out facts, and not matters of law of which the court takes judicial notice. The allegation of a legal duty, though not unusual, is not essential, and if wrongly stated is not a ground of demurrer.

This question has quite recently received the consideration of this court in the case of *E. I. du Pont de Nemours & Co.* v. *Snead's Adm'r,* 124 Va. 177, 97 S. E. 812, where it was said: "It is wholly unnecessary for B to say anything about the law of the case, or what were the respective rights and duties of the parties in the premises. This is a matter of law of which the court takes judicial notice. If the defendant wishes to contest the law upon the facts stated in the declaration, he must do so by demurrer. If he wishes to contest the fact or facts, he must do so by appropriate pleading. But the existence of the legal duty need not be stated in the declaration, and its omission does not render the declaration faulty. What must be stated are the *facts* out of which the legal duty arises. When these are stated, the court will apply the law arising thereon."

[4] The demurrer to the evidence submits the case to the court on the law and the evidence, and the court's at-

tention can be drawn to the alleged erroneous statement of the law; and if the allegation affects the measure of damages, the correct practice is to instruct the jury on the subject. *City of Richmond* v. *McCormack*, 120 Va. 552, 91 S. E. 767.

3. The remaining assignment is to the court's action in overruling the defendant's demurrer to the plaintiff's evidence and rendering judgment for the damages assessed by the jury.

[5] The evidence, we think, presents a plain case for recovery. The defendant introduced no evidence, and the evidence for the plaintiff showed a failure on the part of the defendant to use ordinary care to keep the boardwalk in question in a reasonably safe condition for the use of pedestrians. Part of the sidewalk, on account of its condition, had been removed entirely, and at the place of the accident it was out of repair and unsafe. A number of the boards were missing, and the court was well warranted in finding that if the missing boards had been replaced, the accident would not have occurred. It happened in this way: plaintiff stepped on a board adjoining one of these vacant spaces, and the board not being securely nailed, turned, and her foot slipped into the open space, causing her to trip and fall violently upon the walkway, suffering the injuries for which she sued. It is needless to go into further detail. The negligence of the city in failing to repair the walkway is not and cannot be denied; and the character and extent of plaintiff's injuries were clearly proved, and the damages awarded by the jury were reasonable.

We find no reversible error in the judgment, and it must be affirmed.

*Affirmed.*