# Richmond

DOLLY SENTER AND WILLIE SENTER V. A. G. LIVELY, JUDGE
OF THE CIRCUIT COURT OF DICKENSON COUNTY,
AND OTHERS.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*G. Mark French* and *Ira Vanover,* for the plaintiff in
error.

*S. H. & George C. Sutherland,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

The plaintiffs, in an original petition filed in this court,
seek a writ prohibiting the Honorable A. G. Lively, judge
of the Circuit Court of Dickenson county, from hearing and

disposing of an attachment proceeding, and the plaintiffs therein from further proceeding in the case, on the ground that the alleged debt has been legally discharged and no court has jurisdiction over the matter in controversy.

The facts alleged in the petition are, substantially, as follows: W. J. Artrip and Clarence Branham, on a claim for $84.86, obtained from a justice of the peace of Dickenson county an attachment against Dolly and Willie Senter, returnable October 10, 1932, the first day of the next regular term of the Circuit Court of Dickenson county. On July 20, 1932, the attachment was served and levied on the personal property of the defendants. The officer made his return and filed the attachment in the clerk's office on August 15, 1932. No writ tax was paid within thirty days from that date, as provided by Code, section 6387. W. J. Artrip and Clarence Branham then, on the same claim, filed a new petition for attachment and caused the second attachment to be levied on the same personal property.

The defendants filed a demurrer to the petition for a mandamus on the ground, among others, that the dismissal of the attachment for failure to pay the writ tax within the time prescribed only bars proceedings on that attachment, and does not extinguish the right of action.

Section 126 of the Tax Code (Code 1930, Appendix, page 2163) provides that on "an attachment issued by a justice and returnable to a court of record, there shall be a tax thereon if the amount of the debt or demand for damages shall not exceed one thousand dollars, of one dollar; * * *"

Code, section 6387, provides: "When any attachment is so returned the plaintiff therein, shall within thirty days from the date upon which said return is actually made, or if a trial be sooner had, then before such trial, pay to the clerk of the court to which the return is made the proper writ tax as fixed by law, if not already paid, and, in the event of his failure to do so, *the attachment shall stand dismissed ipso facto at the cost of the plaintiff, and no further proceedings shall be had thereon.*" (Italics supplied.)

Code, section 6079, imposes a similar penalty on plaintiffs for failure to file their declaration or bill within one month after process is returned executed as to one, or more, of the defendants; *i. e.,* the clerk is required to dismiss any action or suit if the bill or declaration is not filed within the time specified. In one section the language is that "the clerk shall enter the suit dismissed," in the other, "the attachment shall stand dismissed *ipso facto.*" The meaning of both is clear; the dismissal is in the nature of a nonsuit. In neither event has the plaintiff had an opportunity to present his case on the merits. If, in the meantime, substantial rights of the defendant have accrued which he may plead in a second proceeding on the same right claimed by the plaintiff, he may do so. This has been the consistent construction placed upon section 6079 in the following cases: *Wickham* v. *Green,* 111 Va. 199, 68 S. E. 259; *Radford* v. *Brooks,* 125 Va. 621, 100 S. E. 664; and other cases cited therein.

The language of the statute admits of no other construction. It states that "the attachment shall stand dismissed * * * and no further proceedings shall be had thereon." The word "thereon" can only refer to the attachment, not to the right of action. The latter remains as if no proceedings of any kind had been instituted.

For the reasons assigned, the prayer for the writ of prohibition is denied and the case dismissed.

*Dismissed.*