# 𝔖taunton

COY ANDERS V. ELLER TILLISON.

September 9, 1938.

Present, All the Justices.

The opinion states the case.

*L. P. Summers,* for the appellant.

*Fred C. Parks* and *H. E. Widener,* for the appellee.

BROWNING, J., delivered the opinion of the court.

In the suit under review the appellee, Eller Tillison, filed her bill against Coy Anders, an infant, praying for partition of certain lands of which she and the defendant were tenants in common and joint owners. It was alleged in the bill that Laura Bowman, the mother of Coy Anders, would be his only heir at law, if he were dead, and she, as well as the infant, was made a party defendant to the bill.

These two joint owners acquired title to the said lands through a deed from William Tillison, husband of the appellee, dated June 7, 1927. We quote from this deed the parts that are necessary to the discussion of the case, omitting the description of the lands and references to deed books, etc., as follows:

"This deed made this the 7th day of June, 1927 by and between William Tillison, party of the first part, and Eller Tillison and Coy Anders party of the second part, all parties being residents of Washington County, Virginia.

"Witnesseth: That for and in consideration of the sum of $5.00 cash in hand paid, and love and affection for the said parties of the second part, I have this day sold, transferred and conveyed unto the said Eller Tillison, first, all my personal property consisting of one pair of mules, one horse, one cow and all farming implements and all money, notes and effect, that I have on hand now or may have at my dec., also three tracts or parcels of land situated in Kinderhook District and described as follows, * * *

"And the said party of the first part covenant—that he has the right to convey said land to the said parties of the second part, and he has done no act to encumber the said land, and that the said parties of the second part shall have quiet possession of the said property herein conveyed free from all encumbrances, and that he will execute further assurances of the said property as may be requisite."

William Tillison, the grantor, died in November, 1927, and in March, 1928, the appellee instituted suit in the circuit court of Washington county, Virginia, citing the provisions of said deed and praying that she might have the legal construction of it and that a decree be entered therein declaring her to be entitled absolutely to the personal property embraced in said deed and that the real estate be decreed to be hers in fee simple. The infant, Coy Anders, was made a party defendant to the bill in the last mentioned suit. He was represented by a duly appointed guardian *ad litem,* who filed the answer of the infant by himself, which was duly signed and sworn to.

A decree was entered in the said suit on June 9, 1928, which brought the cause on to be heard upon the bill and exhibits, the answer of the guardian *ad litem* for

the infant defendant and replication thereto and was argued by counsel. It was further decreed that the complainant, Eller Tillison, was vested with an absolute estate in the personal property mentioned in the deed and that she and the defendant, Coy Anders, were vested with a joint state in fee simple in the lands therein mentioned. By the same decree the suit was stricken from the docket, it appearing that its object had been attained.

Nearly nine years thereafter the suit with which we are now concerned was instituted, as has already been pointed out. In the latter suit Coy Anders, by his next friend and mother, Laura Bowman, demurred to complainant's bill, as not being sufficient in law, and answered the same, which answer was asked to be treated as a cross bill and bill of review, in which the respondent charged that the decree in the former suit was erroneous because the proper and necessary parties to such a suit were not impleaded and that there was no proof to sustain the allegations of the bill, which was particularly necessary as the rights of an infant were involved and because the said infant was interested in the matters disposed of in said decree and he would be benefited by a reversal of the same. The respondent prayed that the said deed be construed and the rights of the parties be definitely fixed and determined and that he be decreed a one-half interest in the personal property referred to.

Testimony was taken and the cause was heard on the bill of complaint; process duly executed upon the defendants, the demurrer, answer and cross bill, and bill of review; the answer of the guardian *ad litem* for the infant; the papers in the former suit referred to, and was argued by counsel.

The court entered its decree on July 19, 1937, in which the demurrer was overruled and the cross bill and the bill of review of the defendants were dismissed, and, among other things needless to enumerate, it was decreed that Eller Tillison and Coy Anders were each en-

titled to an equal one-half undivided interest in the lands mentioned in the said deed, and provisions were decreed for partition of the same.

The court delivered an opinion in the case which was made a part of the record. We quote, with approval, from the opinion, as follows:

"It has heretofore been adjudicated that under William Tillison's deed of June 7th, 1927, Ella Tillison took all of the personal property and she and Coy Anders together took the real estate. See Decree of June 9, 1928, Chancery O. B. 'U,' page 66, made an Exhibit in this case. I know of no power in this court to set aside that decree. However, I may say that in my opinion the construction put upon the deed was favorable to Coy Anders. He was named as one of the parties of the second part, but nowhere in the body of the deed is any express grant made to him.

"The deed was made in the life-time of William Tillison. The personal property was delivered then. Evidently the parties themselves then construed the deed, so far as the personal property was concerned, as the Circuit Court afterwards construed it. And if the deed were now properly before me for construction I would have to give great weight to the construction put upon it by the parties themselves."

We think that the decree of the trial court is eminently right.

The appellant urges that the defendant in the first suit was an infant and the suit was not properly and legally prosecuted; that no evidence was had in the said suit to prove the allegations of the bill, and, if had, it was not read and considered by the court and that the decree was prejudicial to the interests of the infant and that the infant is not bound thereby.

Such order or decree is conclusive upon the parties until it is reversed upon appeal, or until it is set aside or annulled by some proceeding instituted for that purpose.

"It is well settled with us that an infant as a general rule, is as much bound by a decree against him as a person of full age. The law recognizes no distinction between a decree against an infant and a decree against an adult, and therefore it is that an infant can impeach only upon the grounds which would invalidate it in the case of another person, such as fraud, collusion, or error." *Zirkle* v. *McCue,* 26 Gratt. (67 Va.) 517, 528; *Pennybacker* v. *Switzer,* 75 Va. 671.

But, independently of the foregoing, this court is without the power and authority to annul or destroy the effect of the provisions of the first decree.

There is positive evidence in this case emanating from the appellants' own witness, Isaac Bott, who wrote the Tillison deed of 1927. He testified in this suit that he was a witness in the first suit and recalled the fact that his testimony was taken or that he gave testimony in the office of Mr. M. H. Honaker, now dead but who was an Abingdon attorney of fine repute, as to the validity of the deed. Mr. Honaker, it appears, was the attorney for the plaintiff in the first suit and Mr. John W. Neal, another attorney, of like character, acted as guardian *ad litem* for the infant in that suit. It seems inconceivable that they could have been as ill advised, as attorneys, as the defense in this suit indicates.

A judgment record imports such absolute verity that in the absence of any allegation of fraud, no person against whom it is pronounced will be permitted to aver or prove anything against it. *Lockard* v. *Whitenack,* 151 Va. 143, 144 S. E. 606; *Trent* v. *Clinchfield Coal Corp.,* 119 Va. 805, 89 S. E. 921; *Newberry* v. *Dutton,* 114 Va. 95, 75 S. E. 785.

On an appeal the circuit court is presumed to be right. "It is not sufficient that some doubt may exist as to its correctness, but, if there is reversible error, it must affirmatively appear." *Browning* v. *Ray,* 163 Va. 84, 175 S. E. 877, 879.

■ "Where the court on appeal cannot look to the facts upon which a decree was rested and cannot determine whether it was correct or not, it will be presumed that the decision of the trial court was correct." *Valz* v. *Coiner,* 110 Va. 467, 66 S. E. 730.

It follows that we affirm the decree of the trial court.

*Affirmed.*