810

**BUCHANAN v. NORFOLK TAXI-CAB CORP. et al.**

Civ. A. No. 1201.

United States District Court
E. D. Virginia, Norfolk Division.

Feb. 28, 1951.

James G. Martin, James G. Martin & Son, Norfolk, Va., for plaintiff.

Leigh D. Williams, W. R. C. Cocke, Williams, Cocke & Tunstall, Norfolk, Va., for defendants.

BRYAN, District Judge.

The question is whether the plaintiff, after having duly non-suited himself in a State court of Virginia, may bring the same cause of action before this Court, on diversity of citizenship jurisdiction, in the face of Virginia's statute: "When non-suit not allowed; no new proceeding after non-suit.—A party shall not be allowed to suffer a non-suit unless he do so before the jury retire from the bar. And after a non-suit no new proceeding on the same cause of action shall be had in any court other than that in which the non-suit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause be shown for proceeding in another court." Section 8–220, Code of 1950.

He cannot. This Court not only recognizes the statute as directly restricting the plaintiff to his first forum,[1] but also observes its features as reflected, to the same purpose, in the State court's judgment of discontinuance. Having been properly before that court, the cause of action bears the impress of its judgment. The statute operative, the judgment of the State court was a dismissal of the action with prejudice to its renewal anywhere save in the same court, unless for cause not now shown. That judgment is conclusive here.

Counsel will submit an order dismissing the instant action with costs to the defendants.

1. Trust Co. of Chicago v. Pennsylvania R. Co., 7 Cir., 183 F.2d 640, 648.