## POPP v. ARCHBELL.

### Civ. A. 1421.

United States District Court
E. D. Virginia, Norfolk Division.
Oct. 28, 1952.

572

Macie V. Marlowe and Louis B. Fine, Norfolk, Va., for plaintiff.

H. M. Woodward, Norfolk, Va., for defendant.

BRYAN, District Judge.

Before the institution of this action the plaintiff had taken a voluntary non-suit in an action commenced by him in a State court of Virginia against the present defendant upon the same claim, and the defendant now moves to dismiss, contending that the action is not maintainable in this court, because of the Virginia statute,[1] which reads as follows:

"* * *. And after a non-suit no new proceeding on the same cause of action shall be had in any court other than that in which the non-suit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause be shown for proceeding in another court."

■ The Court is of the opinion that the motion to dismiss should be sustained. Plaintiff submitted himself to the jurisdiction of the State court, his forum by choice, and he is bound by its judgment. That court allowed him to take a non-suit, but immanent in the judgment of non-suit was the exaction of the Virginia statute— that the claim be reasserted only in that court—and the plaintiff has not shown himself to be within any of the exceptions

of the statute. Thus the non-suit was not an unconditioned dismissal. This court, fully accrediting the judgment of the State court now exhibited with the motion, must enforce the restraint laid upon the plaintiff in that judgment.[2]

■ The statute does not fetter a claimant's recourse to the Federal court, for it is inert until the complainant has himself preferred the State to the Federal court. Nor is it to be rejected as local adjective law inconclusive in the United States courts. A plaintiff's release from the State court and a defendant's liability to another suit touch upon substantial rights.[3] A due sense of comity dictates that this court honor the State statute, especially as the case is here on diversity jurisdiction.[4] In such cases this court sits in the same capacity as a State court, and hence would be within the term "any court" as used in the Virginia statute in discussion.[5]

■ Plaintiff presses the view that the disposition of the first case was not by way of a non-suit within the meaning of the Virginia statute; he denominates it a "dismissal without prejudice". His request of the State court was "to dismiss the action against James C. Archbell, Jr., without prejudice, which motion the Court sustained". In Virginia this was a non-suit.[6] It would be so under Federal procedure.[7] The timing of the move emphasizes its character; it was made just as the jury was about to be impaneled and, indeed, the trial then continued as against the remaining co-defendant. Plaintiff has enjoyed the advantages of a non-suit; he must yield to the restrictions of a non-suit.

1. Code of Virginia 1950, Title 8, sec. 220.
2. Buchanan v. Norfolk Taxi Cab Co., D. C., 95 F.Supp. 810.
3. Barrett v. Virginia Ry. Co., 250 U.S. 473, 476, 39 S.Ct. 540, 63 L.Ed. 1092.
4. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.
5. Trust Co. of Chicago v. Pennsylvania R. Co., 7 Cir., 183 F.2d 640, 643, 21 A.L. R.2d 238; Woods v. Interstate Realty Co., 337 U.S. 535, 538, 69 S.Ct. 1235, 93 L.Ed. 1524.
6. Pinner v. Edwards, 6 Rand., Va., 675; Wickham v. Green, 111 Va. 199, 200, 68 S.E. 259, 261; Senter v. Lively, 160 Va. 417, 419, 168 S.E. 328, 329.
7. Fed.Rules Civ.Proc. rule 41, 28 U.S. C.A.; Sgobel & Day v. Craven, 9 Cir., 15 F.2d 364, 365; Iowa-Nebraska Light & Power Co. v. Daniels, 8 Cir., 63 F.2d 322, 324; Haldeman v. U. S., 91 U.S. 584, 23 L.Ed. 433.

The motion to dismiss is well founded. The action will be dismissed, with costs to the defendant, but without prejudice to the right, if any, of the plaintiff to recommence his action in the State court.