ALVIS

*v.*

JOHNSON.

(*Supreme Court of Appeals of Virginia, March, 1880.*)

[Virginia Law Journal, 1880, p. 359.]

Reinstatement of Causes—Remanding to Rules—Case at Bar.

At the May term, 1874, plaintiff had leave to amend his declaration, and the cause was remanded to rules for that purpose. No declaration was filed at June rules, when it should have been, and no rule then given to declare. Indeed, there seems to have been no rule book kept by the clerk. The amended declaration was handed to the deputy clerk at the September rules, 1874. No rules were taken on it, but the cause was put on the office judgment docket at the October term, 1874, when, on the motion of the defendant, the court dismissed the case, because the amended declaration had not been filed within three months from the time the leave was given, and, at a subsequent day of the term, refused to reinstate the case on the docket, and to remand it to rules for regular proceedings: *held*:

Same—Same.

1. This was error. The court should have reinstated the cause, and have remanded it to rules, to be regularly matured there for the docket.

Same—Same.

2. Even where a suit is properly dismissed by the clerk at the rules, there is no inhibition, by the statute on the court— which has control of the proceedings in the office during the preceding vacation—from reinstating it, and, for good cause shewn, it is its duty to reinstate a cause properly dismissed by the clerk at the rules.

This was an action of debt brought by Robert Alvis, assignee of Virginia Cunningham, against Philip T. Johnson,

in the county court of Chesterfield, in the year 1872. The case came regularly on the docket of the county court, and after some proceedings, was removed to the circuit court. The proceedings in the circuit court, to the rendition of the judgment October 23d, 1874, to which the supersedeas was granted by a judge of this court, are fully set forth in the opinion of the court.

*Wise & Cosby* and *Guy & Gilliam*, for the plaintiff.

*John O. Steger*, for the defendant.

ANDERSON, J., delivered the opinion of the court.

The court is of opinion that the circuit court erred in dismissing the plaintiff's suit. It seems that at the May term, 1874, the plaintiff had leave to amend his declaration, and the cause was remanded to the rules for that purpose, and ought to have been regularly proceeded in there, by filing the amended declaration, and by regular proceedings at rules to an issue or office judgment. Couch v. Fretwell's adm'r, 10 Leigh, 605. The plaintiff should have filed his amended declaration at the June rules. Failing to do so, there should have been a rule against him to declare. But as no rule docket was kept in the office, no proceedings could be had at rules. The declaration was handed by the plaintiff's attorney to the deputy clerk in the office (the clerk not being present), at the September rules, which was just three months from the June rules (when it ought to have been filed), with directions to the deputy clerk to file it in the cause. It seems that it was not filed with the papers in this cause, and that the principal clerk was not aware of its being in the office ; yet, he did not dismiss the suit, but brought it up on the office-judgment docket, at the October term; at which term the defendant, by his attorney, moved the court to dismiss the suit, because the amended

declaration had not been filed within three months after leave was given the plaintiff to file it.    It was handed to the deputy clerk, in the office, with directions to file it, on the third rule day after the first at which it could be filed after leave was given to amend.    If it was not then filed, it was no fault of the plaintiff.    Whether the clerk would have been then authorized by the statute to dismiss the suit, need not be decided.    He did not dismiss it; but improperly put the case on the office-judgment docket—the rules not having been regularly taken in the office.    And upon that ground the court ordered the cause to be stricken from the docket, and overruled the motion of the plaintiff, at a subsequent day of the same term, to reinstate it on the docket, and to remand it to the rules for regular proceedings to be had therein.

In Lipscomb's adm'r v. Littlepage, 1 H. & M. 463, Judge Tucker speaks of the reinstatement of a cause at the next court, which had been dismissed at rules for want of a declaration, as a matter of course.    And in Wall v. Atwell, 21 Gratt. 401, we held that "if the rules had not been regularly taken, and the cause had been improperly put upon the office-judgment docket, it would have been competent for the court, and, indeed, would have been its duty (having control over all the proceedings in the office during the preceding vacation) to have remanded the cause to the rules, in order that proper proceedings might then be had therein." This, we think, would have been the proper course in this case, even if the declaration had not been filed at rules within the time when the clerk is directed by the statute to enter the suit dismissed, inasmuch as no rules were kept in the office; and even if it had been properly dismissed by the clerk at rules, there is no inhibition by the statute on the court (which had control of the proceedings in the office during the preceding vacation) to reinstate it; and, for good cause shown, it would be its duty to reinstate a cause

which had been dismissed at rules. And as no rules had been kept in the office, and the cause had not been dismissed at rules, we think the case ought to have been remanded to the rules for regular proceedings, there to be had therein, and that it was error in the court to dismiss the suit, especially as the plaintiff might have been debarred from the recovery of a just debt, in a subsequent suit, by a plea of the statute of limitations.

We are of opinion, therefore, to reverse the judgment, and to remand the cause, with instructions to the court below to reinstate the cause, and remand it to the rules for regular proceedings therein to an issue or office-judgment.

Judgment reversed.