# Wytheville.

NORFOLK AND WESTERN RAILWAY COMPANY *v.* SUTHERLAND.

105  545
f110  922

June 21, 1906.

Absent, Keith, P.

1. PLEADING—*Remanding to Rules—Amending Declaration—Process.*— Where, on motion of the defendant, an action at law is remanded to rules for amendment of the plaintiff's pleadings, the proper practice is for the plaintiff to file his amended declaration at the first rules after the order of the court remanding the case, and then, *without new process*, for the cause to be regularly proceeded in at the rules in the manner provided by Code, secs. 3239, 3240.

2. APPEARANCE—*Process— Waiver— Continuance.* — Appearance to the action, or a general appearance, is a waiver of all questions of the service of process, and is equivalent to personal service. In the case at bar the parties "came by their attorneys," and the cause was "continued until the next term." Objection for want of process could not be made thereafter.

3. PLEADING—*Declaration—Amendment—Sufficiency.*—The sufficiency of an amended declaration, which does not refer to nor make the original declaration a part of it, must be determined by its own averments.

4. PLEADING—*Demurrer to Declaration—What Not Considered.*—In considering a demurrer to a declaration an unsealed contract upon which it is founded, but which is not made a part of the declaration, cannot be looked to.

5. EVIDENCE—*Admissibility—General Objection.*—A general objection to the admission in evidence of a bill of lading on the ground that it does not sustain the allegations of the declaration is properly overruled where portions of it do sustain such allegations and are admissible in evidence.

6. CARRIERS—*Bill of Lading—Live Stock—Unaccompanied—Waiver.*— The provisions of a bill of lading of live stock that the shipper is

to feed and water them is waived by the carrier when he writes across the face of the bill of lading: "To be fed and watered at the expense of the shippers. No one in charge." Besides, when the carrier knows that no one accompanies the stock, it is his duty to look after and care for them as if there were no contract with the shipper.

7. DEMURRER TO EVIDENCE—*Inferences.*—While the evidence may not distinctly establish the facts necessary to enable a plaintiff to recover, if their existence may be justly inferred from the facts proved, this is all that is necessary on a demurrer to evidence by the defendant.

Error to a judgment of the Circuit Court of Russell county, in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Burns & Burns,* for the plaintiff in error.

*Henry A.* and *J. K. Routh,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Because of a variance between the proof and the allegations of the declaration in this cause, which is an action of assumpsit, instituted by E. Sutherland against the Norfolk and Western Railway Company, the cause was remanded to rules at the May term, 1904, with leave to the plaintiff to amend his declaration. At the first August rules, 1904, an amended declaration was filed and common order made, and at the second August rules the common order was confirmed, and writ of inquiry directed. The cause was placed upon the docket of the September term of the court.

At that term the following order was entered: "This day

came the parties by their attorneys, and upon the calling of the cause it is continued until the next term of the court." At the November term of the court the defendant moved the court to remand the cause to rules because process had not been issued upon the amended declaration filed at the August rules; but the court being of opinion that it was not necessary to issue process on that declaration in order to mature the cause, over-ruled the motion to remand. This action of the court is assigned as error.

The motion of the defendant to remand was properly over-ruled. The defendant had appeared, and was properly in court when the cause was remanded to rules at the May term, 1904, to enable the plaintiff to file an amended declaration, upon which it is insisted that process ought to have issued. The pro-ceedings at rules in a case like this seem not to be the same in the different courts of the State. In some circuits, upon the filing of the amended declaration, a summons is issued and served upon the defendant to answer the same; in other cir-cuits the defendant is treated as having notice of the order of the court remanding the cause to rules, and no summons to answer the amended declaration is issued. We have not been cited by counsel to, nor have we in our own investigation found, any decision of this court which passes directly upon the question of what is the proper practice in such a case.

In the case of *Couch* v. *Fretwell,* 10 Leigh 605, 607, Judge Tucker, the learned president of the court and a teacher of law, in discussing the procedure in a case which had been remanded to rules with leave to the plaintiff to amend his declaration, says: "The cause having been remanded to rules to enable the plaintiff to amend his declaration ought to have been there regu-larly proceeded in, upon the filing of the declaration, by rules to plead, etc., to an office judgment, or an issue." The language

of Judge Tucker shows that he did not think that after the filing of the amended declaration new process should issue, for he says that upon the filing of the amended declaration the regular procedure would be a rule to plead, which would not be proper if process had to issue and be served upon the defendant after the amended declaration was filed before he was required to plead. See also *Alvis* v. *Johnson,* 1 Va. Dec. 381.

The reasons in favor of the practice that new process is not necessary in such a case seem to us to be much stronger than those against it. The defendant is already a party to the action and in court. The object of the writ of summons is to apprise the defendant of the nature of the proceeding against him. *New River Min. Co.* v. *Painter,* 100 Va. 507, 509, 42 S. E. 300, and cases cited. Where he is in court and knows what the proceeding is, why should the plaintiff be put to the expense and delay of having new process issued and served upon the defendant to inform him of what he already knows? Again, if it be necessary to issue and serve process upon him to answer the amended declaration, it might frequently result in defeating the plaintiff's action entirely, because the defendant might be a non-resident of the State, upon whom such process could not be served; or he might be a resident of another county or city of the State upon whom process could not be executed, under the prohibition of section 3220 of the Code that process against a defendant to answer any action brought under section 3215 of the Code shall not be directed to an officer of another county or corporation than that wherein the action is brought, except in certain cases.

The proper practice in such a case is, we think, for the plaintiff to file his amended declaration at the first rules after the order of the court remanding the case to rules, and then, without new process, for the cause to be regularly proceeded in

at rules in the manner provided by sections 3239 and 3240 of the Code. See *Couch* v. *Fretwell, supra; Alvis* v. *Johnson, supra;* 1 Rob. Pr. (old) 233; 4 Min. Inst. (3d ed.) 684.

But even if new process had been necessary when the cause was remanded to rules, the court did not err in overruling the defendant company's motion. If any objection was to be made by the defendant as to the process or want of process, it ought to have been made before there was a general appearance. At the September term of the court the defendant had appeared, as the order of the court shows, and the cause was generally continued.

It is a well established rule of practice that appearing to the action, or a general appearance, is a waiver of all questions of the service of process, and is equivalent to personal service. *Creighton* v. *Kehr,* 20 Wall. (U. S.) 8, 22 L. Ed. 309; *Harvey* v. *Skipwith,* 16 Gratt. 410, 414; *New River Min. Co.* v. *Painter, supra.*

The second assignment of error is to the action of the court in refusing to continue the cause at the November term of the court on the defendant's motion, because no process had been issued upon the amended declaration, and the cause was not regularly matured at rules. As we have seen, in discussing the first assignment of error, there was no necessity for process on the amended declaration, and all errors in the manner in which the defendant was brought into court were waived by its general appearance at the preceding September term of the court. The court properly overruled its motion to continue.

The next assignment of error is to the action of the court in overruling the defendant's. demurrer to the second amended declaration.

The demurrers to the original and first amended declarations were sustained. The second amended declaration does not refer

to those declarations, and they are not made a part of it, but it is complete in itself; and, upon the demurrer, its sufficiency must be determined by its own averments. See *Roderick* v. *Railroad Co.,* 7 W. Va. 54.

Several of the grounds of demurrer to this second amended declaration are predicated upon the theory that the "Live Stock Contract," referred to and made a part of the original and first amended declarations, is a part of the second amended declaration.

The contract is no part of that declaration; cannot be made so by oyer, because it is not under seal (4 Minor 732-3); and cannot be looked to in considering the demurrer to the declaration.

The case made by the second amended declaration, briefly stated, is as follows: It avers that the defendant company was a common carrier of goods and live stock for hire, and being such common carrier the plaintiff delivered to it at Cleveland, a station on its line of road in Russell county, a carload of sheep, consisting of 131 lambs, 2 wethers and 89 ewes, to be carried from that station, over its line of road and that of connecting carriers, to Philadelphia, in the State of Pennsylvania; that the defendant accepted the live stock to be safely carried to their destination for certain reward paid by the plaintiff to the defendant in that behalf; that it was the duty of the defendant company to safely carry said stock and deliver the same to its connecting carrier, to be carried to Philadelphia, which was not on the line of the defendant's road; that the defendant did not safely carry the said stock, but that by negligence and want of care on the part of the defendant and its connecting carrier, the plaintiff's stock was not delivered to him at Philadelphia; that a carload of 180 old sheep and 54 lambs, not the stock of the plaintiff and of far less value, were delivered, and

the plaintiff's stock, by reason of the negligence of the defendant and its connecting carrier, were lost in transit and never delivered to the plaintiff. It is further averred that the plaintiff entered into and made with the defendant company a contract usually called a live stock contract, or bill of lading, which provides that the shipper is to be at his sole risk and expense in loading and taking care of, and in unloading, feeding and reloading his stock during its transportation, whether delayed in transit or otherwise, and that neither the defendant nor a connecting carrier is to be under any liability or duty in reference thereto, except in the actual transporting of the same; and that, although the said provision is inserted in said contract, the defendant renders the performance thereof by the plaintiff impossible by assuming absolute control of the stock so delivered for transportation, and does reload, feed and water live stock in transportation and charges the expenses of the same to the shipper, and refuses him the right to unload, reload, feed and water his stock; that the defendant has, by regulations of which the shippers have due notice, adopted rules whereby the defendant, in all cases, unloads, reloads, feeds and waters live stock in transportation, and absolutely refuses to abide by the provision of the contract imposing that duty upon the shipper; but on the contrary waives the performance of the same; and it is further averred that although the plaintiff was ready and willing to unload, reload, feed and water his stock and take care of it during its transportation, yet the defendant would not permit him to do so, and took charge of it and assumed that duty itself; that the defendant having accepted the plaintiff's stock for transportation to a point beyond its own line of road, agreed, by its bill of lading, to deliver them to the connecting carrier; yet the sheep were lost in transportation and were not delivered to the plaintiff; and that upon notice of the loss of the sheep

the plaintiff made demand upon the defendant and gave notice of such loss to it, and the defendant did not, within a reasonable time, or at any other time after the demand was made by the plaintiff, give satisfactory proof, or any proof, to the plaintiff that the loss did not occur while the sheep were in charge of the defendant; and that by reason of such failure to give such notice under the statute made and provided in such cases, the defendant is liable for the loss of the sheep, whether it occurred on its line or that of connecting carriers.

Without discussing in detail the numerous grounds of demurrer relied on we are of opinion that the second amended declaration clearly states a good cause of action, and that the demurrer to it was properly overruled.

The next and remaining assignment of error is that the court erred in overruling the defendant's demurrer to the evidence.

The defendant introduced no evidence. The evidence offered by the plaintiff was sufficient under the rules which govern upon a demurrer to the evidence to justify the court in entering the judgment complained of.

It appears that the plaintiff delivered to the defendant, on the 11th day of October, 1901, a carload of 222 sheep, consisting of 131 lambs, 89 ewes and 2 wethers, to be carried over its own line and by connecting carriers from Cleveland, in the county of Russell, to Philadelphia, in the State of Pennsylvania, for a consideration to be paid by the plaintiff; that on the 15th of that month there was delivered to a live stock commission merchant in that city, in whose care the car was shipped, a carload of sheep as the sheep of the plaintiff, which were received and sold by the commission merchant, and returns made to the plaintiff; that upon the receipt of the returns the plaintiff ascertained that the sheep delivered to and sold by his agent

in Philadelphia were not the plaintiff's sheep, but were an inferior lot, consisting of 54 lambs and 180 old sheep; that the plaintiff, as soon as he received the returns from his agent, wrote to the general claim agent of the defendant an account of the whole matter, and requested him to give the plaintiff what information he could in reference to the matter, and that after waiting several days and getting no reply he wrote again; and that to neither of his letters, nor to a letter written to the defendant by his attorney at his request, did he get any reply.

One of the grounds relied on to show that the demurrer to the evidence should have been sustained is that by the terms of the contract between the plaintiff and defendant the plaintiff was, at his sole risk and expense, to load and take care of, and to feed and water, his stock while being transported; and that there is no proof of the waiver of such provision as is alleged in the declaration.

There is written across the face of the contract, in pencil, the following words: "To be fed and watered at expense of shippers. Loaded at 4 P. M. No one in charge." The only objection made to the contract, or bill of lading, when offered in evidence, was that it did not sustain the allegations in the declaration. The court properly overruled that objection because portions of the contract did sustain the allegations of the declaration, and were admissible in evidence, and where that is the case a general objection must be overruled. *Sulphur Mines Co.* v. *Thompson,* 93 Va. 293, 307, 25 S. E. 232.

The statement across the face of the contract that the stock was to be fed and watered at the shipper's expense, implied that the feeding and watering was to be done by the defendant, as the further endorsement showed that there was no one in charge of the stock. Receiving the stock under those circumstances must be regarded as a waiver of the condition that the

shipper was to look after and care for the stock. Besides, it is said that if the carrier is aware of the fact that no one is accompanying the animals to care for them, it is the carrier's duty to give them proper attention the same as though no contract for care by the shipper had been made. 6 Cyc. 438.

It is argued that the evidence does not show that the plaintiff's sheep were lost in transit, or that he mailed the letters which he wrote to the defendant notifying it of his loss, or that he had anyone in Philadelphia to receive the sheep. While the evidence may not directly establish these facts, their existence may be justly inferred from the facts proved, and that is all that is required on a demurrer to the evidence.

Upon the whole case, we are of opinion that there is no error in the judgment complained of, and that it should be affirmed.

*Affirmed.*