**Patrick Alan MATZELLE, Petitioner,**

v.

**Rear Admiral Richard Rockwell PRATT, Commander, Service Force, United States Atlantic Fleet, Cinclant Fleet Compound, Mitcher Avenue, Norfolk, Virginia,**

**and**

**Captain Robert Kanak, Commanding Officer, USS VULCAN, Norfolk Naval Base, Norfolk, Virginia, Respondents.**

**Misc. A. No. 850–70–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Feb. 9, 1971.

Seymour M. Teach, Breit, Rutter, Cohen, Ermlich & Friedman, Norfolk, Va., for petitioner.

Roger T. Williams, Asst. U. S. Atty., E. D. Va., Norfolk, Va., for respondents.

## MEMORANDUM ORDER

KELLAM, District Judge.

This is a petition for a writ of habeas corpus to obtain Patrick Alan Matzelle's release from the United States Navy. Matzelle, an enlisted man serving aboard the USS VULCAN (AR–5), complains that he is being illegally detained in the Navy beyond the expiration date of his enlistment. From the petition and his own testimony, however, it is readily apparent that Matzelle's claim is frivolous and must be dismissed.

Matzelle enlisted in the Navy on September 20, 1966, for four years, and shortly thereafter he agreed to extend his enlistment for two additional years. In return the Navy agreed to send Matzelle to a school for advanced training in electronics and pay him a special reenlistment bonus. Matzelle received a year of advanced education from March 1967, to March 1968, and under the Navy's Variable Reenlistment Bonus Program (VRB), Matzelle was to receive a bonus of $3710.00.

The normal method of payment of the VRB is equal annual installments in each year of the extended enlistment period. 37 U.S.C. § 308(g) (1968). In meritorious cases, if an enlisted man's application is approved by the Chief of Naval Personnel, the VRB can be paid in one lump sum. BUPERS Instruction 1133.18C. Pursuant to these provisions, Matzelle requested, on July 7, 1970, that he receive his entire bonus in a single payment so that he could make a down payment on a home. Matzelle's request was approved by the Chief of Naval Personnel on August 14, 1970.

By an administrative oversight, the ship's personnel office set September 29, 1970, rather than September 20, as the operative date for Matzelle's extension. No one delivered the bonus to Matzelle on September 21 (September 20 was a Sunday), and Matzelle did not ask for it. The error was discovered on September 23, 1970, when Matzelle told the Personnel Officer that he had not received his bonus. At that time the entire bonus was tendered to Matzelle, but he refused to accept it, stating his belief that the Navy had breached the contract. Since that time, Matzelle has continued to refuse the bonus, apparently having determined that he would rather be separated from the Navy.

On September 24, 1970, Matzelle requested that the extension agreement be cancelled because he had not received the money when he expected it. In a formal request to the Chief of Naval Personnel, dated September 28, 1970, Matzelle stated that he had intended to invest the money in Treasury Bonds and that he lost money because of the two day delay. Matzelle's conclusion is that the failure to pay him the $3710.00 on September 21, 1970, constitutes a material breach of contract, entitling him to cancellation of the extension agreement.

As authority for his contention that the Navy must release him from further service, Matzelle cites BUPERSMAN para. 1050150.9 which provides:

Commanding officers shall cancel agreements to extend enlistment, prior to operative date:

\* \* \* \* \* \*

C. Except as provided below, [when a member through no fault of his own, has failed to receive (any) of the benefits for which the extension was executed by the day next preceding the operative date of the extension.] Thus, if a member executed an agreement to extend enlistment and has not been ordered or assigned to duty, such as duty ashore, overseas service, or any special program, for which he agreed to extend or has not had his tour date adjusted, not been advanced, or has not received any benefits therefrom, by the day next preceding the date the extension would become operative, the agreement to extend enlistment shall be cancelled \* \* \*

Matzelle's interpretation of this provision is that because he did not receive *all* of his benefits on or before September 21, 1970, the enlistment extension agreement should have been cancelled upon request. It is sufficient to note that this Court does not construe the provision as Matzelle suggests, but rather, that before the agreement could have been cancelled, Matzelle must have received none of the agreed benefits.[1] The explanatory language clearly indicates that because Matzelle did receive the additional year of advanced education in electronics, this provision is not applicable.

Counsel agree that this case is governed by the law of contracts. On that basis, the question is whether Matzelle is entitled to rescission of the contract. It seems clear that if Matzelle is entitled to any relief, rescission is not an appropriate remedy.

■■ A general principle of contract law is that rescission should be permitted only when the complaining party has suffered a breach so material and substantial in nature that it affects the very essence of the contract and serves to defeat the object of the parties. *See generally* 12 Williston, Contracts § 1455 (3d ed. Jaeger 1970). The entire problem is that Matzelle did not receive the bonus on the operative date of his extension, and no one tendered the money until two days later than Matzelle wanted it. Assuming without deciding that failure to pay the bonus on September 21 amounts to a breach, a delay of two days is plainly not so material and substantial as to justify rescission.

■ It is true that where a contract specifies that time is of the essence, failure to perform within the time stipulated is ground for rescission. *See* 17A C.J.S. Contracts § 422(1) (1963). That principle, however, contemplates a situation where both parties to the contract

agree that time is of the essence and spell it out in the terms of the contract. Matzelle alleges that he and the Navy agreed that time was of the essence, but the sole indication of any such agreement is Matzelle's allegation. Nothing in the contract mentions time or even a bonus. As related earlier, Matzelle never requested the lump sum payment until less than three months before the operative date of his extension. Now Matzelle claims that because he wanted the bonus money no later than September 21, 1970, the Navy and this Court should consider that the contract was altered to include timely payment as an essential condition. Approval of Matzelle's request for a lump sum payment was nothing more than an accommodation by the Navy, and it has no effect on the basic terms of the extension agreement.

■ Rescission, or cancellation as Matzelle calls it, is an equitable remedy and should be granted only in special cases where the facts justify such relief. Here, it is quite apparent that there is no justification for rescission of the extension agreement. Matzelle has received a year of advanced education in electronics, and that training is a substantial part of the consideration for the agreement. The remaining consideration was a bonus of $3710.00. Certainly a delay of two days in tendering the bonus, under the circumstances of this case, should not enable Matzelle to rescind the contract and avoid his obligation. Where time is not of the essence, as here, a slight delay in performance is simply not a material or substantial breach justifying rescission. One other factor prevents Matzelle from rescinding this contract. A basic premise of this equitable principle is that no one may repudiate his contract and retain the benefit derived from that contract. *See* 12 Williston, *supra* § 1460A. The Navy sent Matzelle to electronics school for a

---

1. It should also be noted that the provision specifically applies to cancellations made "prior to" the operative date of the extension period. Matzelle's request, therefore, should have been made before September 20, 1970, for this provision to apply.

year as part of the bargain. Since Matzelle has received this substantial benefit from the Navy, independent of the other factors involved, he cannot equitably obtain rescission unless, at the very least, he makes restitution for the value of his year of advanced education.

█ It is apparent that Matzelle is not truly concerned with the two day delay in paying the bonus and that he is merely using that excuse to attempt to avoid performing his contractual obligation. Unfortunately for Matzelle, this means is absolutely frivolous and cannot bring him any relief. The sole question on a petition for a writ of habeas corpus is whether the petitioner is being illegally detained because he has been denied some fundamental constitutional rights. Only an affirmative answer justified ordering his release, but here there has been no such denial.

It is ordered that:

Petitioner is not entitled to the relief requested; his petition is denied and dismissed.