**Application of Richard Allen BEMIS, Petitioner,**

v.

**Captain John WHALEN, Commanding Officer, Headquarters Company, Sub-Unit No. 2, et al., Respondents.**

Civ. No. 71–465.

United States District Court, S. D. California.

May 12, 1972.

Thomas C. Hendrix, of Rothwell, Hendrix, Peterson & Curran, San Diego, Cal., for petitioner.

Harry D. Steward, U. S. Atty., by Frederick B. Holoboff, Asst. U. S. Atty., San Diego, Cal., for respondents.

## ORDER DENYING RELIEF

GORDON THOMPSON, Jr., District Judge.

By a Petition filed on December 8, 1971, as amended on January 17, 1972, the petitioner made application for a Writ of Habeas Corpus, alleging that he is unlawfully detained and restrained of his liberty by the respondents. Jurisdiction is conferred on this Court by 28 U. S.C. § 2241.

The petitioner alleges that the restraint of his liberty is illegal and void, in that he was induced to enlist in the United States Marine Corps by false representations by a Marine recruiting officer. In addition, he alleges that the Marine Corps has materially breached the petitioner's enlistment contract by failing to assign him a Military Occupational Specialty (MOS) in the 5900 (Electronics) field as guaranteed by the enlistment contract.

It appearing to the Court that there existed genuine issues as to material facts, a writ of habeas corpus was issued to the respondents, and an evidentiary hearing was conducted. Evidence was received from both parties, including the testimony of the petitioner. Now having heard the evidence and having examined all the files, documents, and records herein, the cause having been submitted for decision, and the Court being fully advised in the premises, the Court renders its decision.

## FACTS

On or about April 15, 1970, the petitioner, then a high school senior, entered into an enlistment contract at Bangor, Maine, for a period of six years in the United States Marine Corps Reserve. The petitioner testified that he had not seriously considered enlisting in the military prior to the time when he discussed that possibility with a Marine Corps recruiter who visited the school prior to April 15, 1970. The petitioner had planned to enter college the following Fall, and had in fact been accepted by at least one school. Petitioner became interested in the possibility of enlisting after learning from the recruiter that certain special programs were available in the field of electronics. After taking some examinations which qualified him for the electronics program, the recruiting officer advised petitioner that he would be guaranteed an electronics specialty (5900 MOS) if he did in fact enlist.

In addition to his interest in the electronics field, the petitioner was desirous of completing his military obligation, and wanted to take advantage of certain educational benefits available to veterans under the G.I. Bill after he completed his military service. With these three factors in mind, and relying upon the representations of the recruiting officer, the petitioner enlisted in the Marine Corps Reserve for six years.

That enlistment contract (DD Form 4) indicates that the petitioner's primary MOS was 5900. That contract also contained the following:

> 54. I have had this contract fully explained to me, I understand it, and certify that no promise of any kind has been made to me concerning assignment to duty, geographical area, schooling, special programs, assignment of government quarters, or transportation of dependents except as indicated *O F Guarantee*

Following his graduation from high school the petitioner reported for active duty. On July 29, 1970, the parties executed a new DD Form 4, by which the petitioner enlisted for four years in the regular Marine Corps, this contract apparently superceding the prior reserve enlistment contract. The new contract also contained the 5900 MOS designation and the "O F" (occupational field) guarantee.

It was the petitioner's understanding throughout this initial period that his 5900 MOS training would commence upon the completion of his boot camp and advanced infantry training. The respondents have admitted that this understanding was correct.

Upon completion of boot camp and advanced infantry training petitioner was assigned as a student for duty under instruction for 15 weeks in a basic electronics course. Upon completion of that course, and in spite of the 5900 MOS guarantee, the petitioner was assigned a primary MOS of 2811 (telephone/teletype technician). Petitioner was then assigned to two additional courses within the 2811 field for a period totaling 28 weeks.

As the last of these courses neared an end, petitioner made application to the Commandant of the Marine Corps for discharge. That application, dated November 1, 1971, was based upon the same allegations raised in the instant petition. On December 6, 1971, that request was denied by the Commandant, the petitioner was ordered to report to an electronics course in the 5900 field, and petitioner's primary MOS was changed to 5900, with a secondary MOS of 2811. At that point, petitioner filed this action, and a Temporary Restraining Order was issued effectually maintaining the status quo.

## LAW

Habeas corpus is the appropriate remedy to test the legality of custody under military order under 28 U.S.C. § 2241. Orloff v. Willoughby, 195 F.2d 209 (9th Cir. 1952); In re Phillips' Petition, 167 F.Supp. 139 (D.Cal.1958). A member of the armed forces can avail himself of habeas corpus proceedings although he is subject only to normal military restraints. Hammond v. Lenfest, 398 F.2d 705 (2nd Cir. 1968). Habeas corpus is not a narrow, formalistic remedy; its scope has grown to achieve its purpose—the protection of individuals against the erosion of their right to be free from wrongful restraints upon their liberty. Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

Enlistment is a contract between the United States and the enlistee and, in the absence of supervening statute, is governed by general principles of contract law. In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890). A party induced by fraud or mistake to enter into a contract may rescind that contract. 1 Williston, Contracts § 15; 5 Williston, Contracts § 1487. Whether a given breach is material or essential, or not, is a question of fact. 6 Williston, Contracts § 866.

## CONCLUSIONS

At the time of the hearing on this matter, the petitioner had been on active duty for approximately 21 months of his four-year obligation. At the time that this action was filed, petitioner had been on active duty for more than 16 months. All of that 16 months had been spent in some type of training, only six months of which had been devoted to the 2811 field. The respondents have been unable to explain why the petitioner did not receive a 5900 MOS or training in that field, but rather, confess that some error had occurred. It is clear that this error was corrected as soon as it was brought to the attention of the Marine Corps and the subsequent conduct of the Marine Corps indicates that they are ready, willing and able to continue to fulfill their contractual obligations. The issue, then, is whether the six months spent in training in the 2811 field, and

the consequent delay in assigning petitioner a 5900 MOS, constitutes a material breach of the enlistment contract by the respondents. This Court concludes that there has been no such material breach.

The petitioner had three main objectives in enlisting in the Marine Corps. First, and perhaps most importantly, petitioner wanted to receive training in the field of electronics. Second, petitioner wanted to complete his military obligation. Third, petitioner wished to take advantage of the benefits of the G. I. Bill in pursuing his formal college education after his active duty commitment had expired. There can be no doubt that the petitioner has or will receive the benefit of his bargain as to the second and third objectives, regardless of the failure of the respondents to assign him a 5900 MOS upon the completion of boot camp and advanced infantry training. And it cannot be said that those two objectives are insubstantial considerations flowing to the petitioner.

Nor does it appear that petitioner will be deprived of the benefit of his bargain as to the first objective for which he enlisted. The respondents have now assigned petitioner a 5900 MOS, and have ordered him to a school for training within the electronics field. The respondents moved to correct their error as soon as it was brought to their attention, and *before* the filing of the instant petition. During the six months in which petitioner was not working or training in the 5900 electronics field, he was receiving valuable training, here in the United States, in a similar field, 2811—telephone/teletype technician. Essentially, then, petitioner has received the benefit of his bargain; all three of his objectives will be satisfied. The only variance between the literal terms of the contract and the actual performance of the contract is that part of the bargained-for terms were delayed for six months. It does not appear that time was of the essence, as it relates to the 5900 MOS, in the formation of the contract.

 Accordingly, it is the opinion and decision of the Court that the enlistment contract has not been materially breached by the respondents. For the same reasons, it is the conclusion of the Court that the representations of the Marine recruiter, upon which the petitioner relied, and which induced him to enter into the enlistment contract, were neither false nor untrue.

Therefore, the relief prayed for by the petitioner should be and is denied.

The temporary restraining order granted on December 8, 1971, is hereby dissolved.

It·is so ordered.