## Richmond

BASIC CONSTRUCTION COMPANY V. COMMUNITY HOSPITAL OF
ROANOKE VALLEY, ROY O. ALLEN, ET AL.

March 5, 1973.

Record. No. 8049.

Present, All the Justices.

*Lewis T. Booker* (*Robert F. Brooks; Hunton, Williams, Gay & Gibson*, on brief), for plaintiff in error.

*Wilbur L. Hazlegrove; B. Purnell Eggleston* (*M. Caldwell Butler; Hazlegrove, Carr, Dickinson, Smith & Rea; Eggleston, Butler and Glenn*, on brief), for defendants in error.

Per Curiam.

In this case, Basic Construction Company seeks to recover damages from Community Hospital of Roanoke Valley and Roy O. Allen and others for alleged extra work performed by Basic in the construction of a hospital pursuant to a contract between Basic and Community. Allen and others were the architects given supervisory authority over the project by the terms of the contract.

Basic filed an original motion for judgment and an amended motion for judgment against both Community and the architects.

Demurrers to these motions, filed by Community and the architects, were sustained by the trial court. A second amended motion for judgment filed against Community alone was dismissed upon its demurrer, and a final order was entered. We granted Basic a writ of error.

The issue presented by all three motions for judgment was whether the alleged extra work was required because of defects in the plans and specifications prepared by the architects and made a part of the contract. Basic admits that this was a factual issue, but insists it was entitled to have a jury resolve the conflict.

The difficulty with Basic's position is that the contract in question contained a clause wherein the parties agreed that all factual disputes arising under the contract would be submitted to arbitration and that the decision of the arbitrators was to be "a prior condition to any right of legal action" which one might have against the other. In oral argument before us, the parties narrowed the question in the case to whether Basic had complied with the arbitration clause.

Basic did not mention arbitration in its original motion for judgment. In its first amended motion for judgment, it did allege that it had demanded arbitration and that Community had agreed to arbitrate but then had refused to arbitrate the extra work now in dispute. In its second amended motion for judgment, Basic again did not mention arbitration.

Basic seems to take the position that it can point to an allegation in one of its motions to supply the lack in another and if, in the end, there is enough from all three to make out a case, it is entitled to be heard. Thus, Basic seems to be saying that since it alleged a demand for and a refusal of arbitration in its first amended motion for judgment, that would suffice to support its case, whichever motion is considered.

But the original motion for judgment has to be tested according to the allegations it contained when filed. It contained no allegation concerning arbitration, and Basic cannot sustain it by pointing ahead to a later allegation in the first amended motion for judgment.

So, too, with the second amended motion for judgment. Since that pleading was complete in itself and did not refer to or incorporate the allegations of the first amended motion, it must be tested by its own averments. *Norfolk & W. R. Co.* v. *Sutherland*, 105 Va. 545, 549-50, 54 S.E. 465, 466 (1906). It contained no allegation concerning arbitration, and the lack thereof cannot be supplied by pointing back to the next preceding motion.

Therefore, Basic would have a live allegation of compliance with the arbitration clause only if we can reverse the action of the trial court in sustaining the demurrers to the first amended motion for judgment, where the only allegation concerning arbitration is found. But we cannot reverse that action. The trial court sustained the demurrers to the first amended motion for judgment on the ground of misjoinder, and nowhere in its briefs or in oral argument has Basic even intimated that the ruling of misjoinder was incorrect. Since the ruling is presumed to be correct, the sustaining of the demurrers to the motion must stand, and its allegations are not now available to Basic.

Thus, Basic is left without an allegation that it complied with the arbitration clause of the contract. This results in affirmance of the judgment of the trial court.

*Affirmed.*