Gary CRANE, Private, U. S. Marine
Corps Reserve, Petitioner,

v.

Rear Admiral J. L. COLEMAN, Comman-
dant, Dept. of the Navy, Fourth Naval
District, Philadelphia, Pennsylvania, et
al., Respondents.

Civ. A. No. 75–122.

United States District Court,
E. D. Pennsylvania.

Jan. 28, 1975.

David R. Morrison, Baker & Morrison, Philadelphia, Pa., for petitioner.

William J. McGettigan, Asst. U. S. Atty., Charles R. Bruton, Lt., JAGC, USNR, Fourth Naval Dist., Philadelphia, Pa., for respondents.

## MEMORANDUM

HUYETT, District Judge.

Through a writ of habeas corpus brought under 28 U.S.C. § 2241 (1970), petitioner seeks an honorable discharge from the United States Marine Corps (Marine Corps). Petitioner is in the custody of the Marine Corps at the United States Naval Base in Philadelphia. The Marine Corps desires to return petitioner to his parent base at Parris Island, South Carolina, where it is likely that he will be court martialed. To prevent the Marine Corps from removing petitioner from this District until a hearing was held, petitioner obtained a temporary restraining order and also moved for a preliminary injunction. A hearing was held on January 17 and 20, 1975, at the conclusion of which all parties agreed that the temporary restraining order should be dissolved and petitioner withdrew his motion for a preliminary injunction.[1] The only issue remaining is whether a writ of habeas corpus should be granted discharging petitioner from the Marine Corps.

Petitioner claims that he is unlawfully retained in the Marine Corps since, in breach of his enlistment contract, he did not receive a monthly allotment of $150.-00 during basic training and a 10 day leave upon completion of basic training.[2]

The government contends that we should not entertain petitioner's application for habeas corpus until he has exhausted remedies available within the military judicial system. After a careful and thorough consideration of the evidence introduced at the hearing, and the authorities cited in support of the parties' respective positions, we conclude that petitioner is not entitled to the relief he requests.[3]

From an examination of the evidence presented at the hearing certain facts are clear. Petitioner enlisted in the Marine Corps on October 30, 1973, under a deferred enlistment program[4] and entered active duty December 6, 1973. He completed basic training on March 4, 1974, and on that date left the Marine Corps without leave, failing to return until January 13, 1975, when he surrendered to Marine Corps authorities in Philadelphia. While in basic training, petitioner was assigned the duties of a scribe (office clerk) placing him in daily

---

1. In petitioner's complaint he claimed jurisdiction under 28 U.S.C. §§ 2241, 1331, and 1361. When petitioner withdrew his motion for a preliminary injunction he also withdrew his claim of jurisdiction under §§ 1331 and 1361.

2. Petitioner also claimed that during basic training he suffered innumerable obscenities in violation of Marine Corps regulations. Petitioner presented no evidence of such claims at the hearing, and therefore, we shall not consider it.

3. Petitioner contends that because of the nature of this action he does not have to exhaust available military remedies. In support of this contention petitioner refers us to Talmage v. Froehlke, 345 F.Supp. 1361 (W.D.N.C.1972) ; United States ex rel. Norris v. Norman, 296 F.Supp. 1270 (N.D.Ill. 1969) ; Grant v. Cooksey, 4 SSLR 3094 (D. N.J.1971) ; Wong v. Laird, 4 SSLR 3650 (M.D.Cal.1971) ; Shelton v. Brunson, 454 F.2d 737 (5 Cir. 1972) ; Nelson v. Miller, 373 F.2d 474 (3 Cir. 1967) ; Wells v. United States, 280 F.2d 275 (9 Cir. 1960) ; Robinson v. Rand, 340 F.Supp. 37 (D.Colo.1972) ; Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1971) ; Matzelle v. Pratt, 332 F.Supp. 1010 (E.D.Va.1971) ; Bemis v. Whalen, 341 F.Supp. 1289 (S.D.Cal. 1972). We have considered these cases and do not find that they control this case.

4. At the time petitioner enlisted in the Marine Corps he was aware that because of his criminal record the Marine Corps would have to waive certain regulations which would delay his entry upon active duty. At the age of 25 petitioner was convicted of unlawful entry and received a one year sentence. After approximately three and one half months in prison petitioner was paroled. His parole terminated on October 20, 1973.

contact with Marine Corps officers. Before enlisting petitioner was told that upon request he would receive pay allotments while in basic training and that upon completion of basic training he would receive up to 10 days leave. He was also told that there would be a delay of one or two months in making an allotment payment after requested. After commencement of basic training, petitioner sought information from his drill instructors as to the manner of obtaining a pay allotment. Upon being told by these instructors that as a reservist he was not entitled to pay allotments, he made no other attempts to secure them.[5] While petitioner did not receive pay allotments, within two months after he started basic training he had received compensation of $250.00 from the government and, within three months he had received total compensation of $750.00.

■■ The writ of habeas corpus is an appropriate remedy for servicemen who claim to be unlawfully retained in the armed forces. Parisi v. Davidson, 405 U.S. 34, 39, 92 S.Ct. 815, 31 L.Ed.2d 17 (1971). Generally, however, a serviceman must exhaust remedies within the military judicial system before habeas corpus recourse may be had to a federal court, and federal courts should not entertain habeas corpus petitions until all available remedies within the military judicial system have been exhausted. See Sedivy v. Richardson, 485 F.2d 1115, 1118–1119 (3 Cir. 1973). The exhaustion doctrine allows

> an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and correct its own errors so as to moot judicial controversies. 405 U.S. at 37, 92 S.Ct. at 818.

■ If petitioner had exhausted the military remedies available to him, he would have discovered whether the Marine Corps considered him entitled to the allotments and leave which he expected. A finding that he was entitled to the allotments and leave would have obviated the need for these proceedings. In any event, the use of the remedies within the military would have provided us with a complete factual record and allowed the military to correct any possible errors. We conclude, therefore, that petitioner should have exhausted the remedies within the military before he applied for a writ of habeas corpus.

■■ Assuming that petitioner had exhausted all available remedies, we would then decide whether or not petitioner is entitled to rescission of his enlistment contract.[6] For petitioner to be entitled to rescission of this contract we must find that he "has suffered a breach so material and substantial in nature that it affects the very essence of the contract and serves to defeat the object of the parties." Matzelle v. Pratt, 332 F.Supp. 1010, 1012 (E.D.Va.1971).

■■ Petitioner admits that he was told by the government that he would not receive his allotment payments until one or two months after the commencement of his basic training. He also admits that within two months after he started basic training he received $250.00 from the government and within three months he had received total compensation of $750.00. We find that although these payments were not in the form of allotments, they were in substantial compliance with what petitioner could have expected. In addition, we conclude that if the failure to give petitioner 10 days leave is a breach of the enlistment contract, it is not so material and substantial as to defeat the purpose of the enlistment contract and the object of the parties. Accordingly, we deny petitioner's application for a writ of habeas corpus and dismiss his complaint.

5. As a scribe (office clerk) we would assume that petitioner was frequently in contact with administrative personnel higher in rank than a drill instructor.

6. Enlistment is a contract between the United States and the enlistee and is governed by general principles of contract law. Bemis v. Whalen, 341 F.Supp. 1289, 1291 (S.D.Cal.1972).