## CIRCUIT COURT OF CHESTERFIELD COUNTY

Sowers

v.

Hamilton Dev. Co. and
Charles E. Ayers, Jr.

February 9, 1989

Case No. 88-1319

By JUDGE HERBERT C. GILL, JR.

On January 6, 1989, counsel presented argument in regard to Defendants' demurrers to the Bill of Complaint. Defendant Hamilton Development Co. (hereinafter "Hamilton") asserts that Plaintiff has failed to allege grounds for which rescission can be granted and a claim upon which relief can be granted against Hamilton for breach of contract. Defendant Charles E. Ayers, Jr. (hereinafter "Ayers") asserts that Plaintiff has failed to allege an adequate claim against Ayers individually, facts warranting a breach of contract action and grounds for which rescission can be granted. Defendants Ayers and Hamilton allege that Plaintiff seeks mutually exclusive remedies which require an election. Memoranda in support of and in opposition to the demurrers has been received and reviewed by the Court.

Plaintiff's action arises out of alleged fraudulent conduct and breach of certain fiduciary and contractual obligations in regard to the Defendants' purchase of realty known as "Bexley West." Plaintiff seeks an accounting

"for all sums received from the conveyances of any of the aforesaid lots . . ." rescission of the purchase contract or alternatively reconveyance of lots held by Defendants, and damages "in the amount of $28,111.11 per lot for each lot conveyed by the defendants, plus $6,576.00 for extra work . . ." and punitive damages.

In brief, Plaintiff specifically alleges that on October 6, 1988, Defendant Ayers, "acting as escrow agent and fiduciary for Sowers and Hamilton, and as attorney for Hamilton, recorded or caused to be recorded the deed transferring lots 1 through 39 of Bexley West Section 3 to Hamilton Development Company." Plaintiff asserts that the aforementioned conduct contravened closing instructions as the conveyance occurred prior to receipt of the net proceeds of sale and that upon closing, the proceeds were not available. Plaintiff further alleges that Defendant Hamilton through its agent Ayers entered into purchase contracts of Bexley West realty with other parties, even though payment had not been tendered to Plaintiff.

Upon consideration of the memoranda and argument presented, Defendants Hamilton's demurrer and Ayers's demurrer are sustained on the ground of lack of equity jurisdiction. Pursuant to Section 8.01-270 of the Virginia Code, the Court hereby orders the transfer of Plaintiff's action to the law side of the court as the proper forum.

Former Section 8-138 of the Virginia Code (now 8.01-270) required that "when a Plaintiff has proceeded in equity when he should have proceeded at law, or the other way around, the court shall direct a transfer to the proper forum." *Ches. etc. Tel. Co. v. Newport News*, 194 Va. 409 at 417 (1952). The directive under former Section 8-138 and current Section 8.01-270 of the Virginia Code is identical and mandatory. *Id.*, 194 Va. 409 (1952), citing *J. S. Salyer Co. v. A. J. Doss Coal Co.*, 157 Va. 144 (1931).

Plaintiff has a full, complete, and adequate remedy at law. Although the pleadings may set forth one of the traditional grounds for equitable relief, the difficulty in unwinding the transaction precludes rescission as an available equitable remedy. Plaintiff fails to adequately allege inducement by misrepresentation of a material fact. Defendant Hamilton's contractual breach as alleged does

not warrant rescission. Defendant Ayers's alleged breach of fiduciary duty does not necessitate review in equity.

A demurrer admits the truth of all material facts that are properly pleaded. Under this rule, "The facts admitted are: (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, and (3) facts which may be fairly and justly inferred from the facts alleged." *Duggin v. Adams*, 234 Va. 221, 233 (1987), citing *Ames v. American Nat. Bank*, 163 Va. 1, 37 (1934). Upon a demurrer to a complaint, "only the complaint itself, together with the exhibits filed with it, can be looked to in order to ascertain its sufficiency." 6A M.J. *Demurrers*, Section 26, citing *Lister v. Virginia Nat'l Bank*, 209 Va. 739 (1969). Pleadings other than the complaint are not considered. *Basic Constr. Co. v. Community Hosp.*, 213 Va. 587 (1973).

In general, equitable relief is denied unless, "the matter is one in which equity historically developed the substantive law (as in the case of trusts), or the matter is one in which the plaintiff's remedy at law is inadequate." D. Dobbs, Handbook on the Law of Remedies at 57 (1973). In equity, the pleading must set forth every essential fact warranting the relief sought. *Pittman v. Pittman*, 208 Va. 476 (1968). The party seeking equitable relief must, "show the want of an adequate remedy at law or a valid excuse for not availing himself thereof." 7A M.J. *Equity*, Section 13 (1986). Otherwise, "where it is apparent from the record that the plaintiff has an adequate remedy at common law, the defendant should demur on the ground of lack of equity jurisdiction." W. H. Bryson, Handbook on Virginia Civil Procedure at 262 (1989).

A court of equity does not have jurisdiction over an action where the complainant has a full, complete, and adequate remedy at law. *Buchanan v. Buchanan*, 174 Va. 255 (1940). *See also Bolling v. King Coal Theatres*, 185 Va. 991 (1947). In general, equitable relief is granted due to the inadequacy of a remedy at law under the following circumstances:

> (1) The plaintiff is deprived of some thing to which he is entitled because the defendant has committed a tort or a breach of contract. The plaintiff needs the thing and . . . will

probably get equitable relief by way of injunction or specific performance.

(2) The defendant acts in such a way that the Plaintiff may be required to bring more than one suit . . .

(3) The plaintiff is entitled either to money or certain performance by the defendant. Money recoverable at law, would be an entirely adequate remedy, but the defendant is insolvent and it is not collectable . . .

4) The plaintiff is entitled to damages at law and this would be adequate if damages could be measured with any reasonable degree of accuracy, but under the facts, damages are so speculative . . . D. Dobbs, Handbook on the Law of Remedies at 57-58 (1973).

Plaintiff failed to allege facts which come within the purview of the listed set of circumstances. The alleged fraudulent conduct was not committed to induce Plaintiff's endorsement of the contract sought to be cancelled. Plaintiff has failed to adequately plead the necessity of setting the deed aside, the basis for stating that damages are difficult to estimate and justification of proceeding in equity on a breach of contract claim without alleging Defendants' insolvency.

Apart from asserting the traditional grounds for equitable relief, Plaintiff argues that a remedy at law is inadequate due to the uniqueness of the subject matter, land. Although the "uniqueness" basis for equitable relief may warrant specific performance or damages, that is not the case with executed land contracts. *See* D. Dobbs, Handbook on the Law of Remedies, Section 12.12 (1973).

The principal grounds for equitable relief are:

fraud, mistake, illegality, disability, and undue influence. The usual instances where in equity interposes to cancel deeds or other contracts because of fraud, mistake, undue influence, fraudulent concealment, inadequacy of consideration, mental incapacity, and infancy and because of contracts obtained by persons in confidential

relationship with others. 16 M.J. *Rescission, Cancellation, and Reformation*, Section 10 (1987).

The existence of any confidential or fiduciary relation is, "sufficient to invoke the jurisdiction of equity whenever the duty arising out of such relation rests upon one of the parties to render an account to the other." 7A M.J. *Equity*, Section 8 (1986), citing *Zetelle v. Myers*, 60 Va. (19 Gratt.) 62 (1869). *See also Miller v. Union of United Brewery*, 187 Va. 889 (1948), and D. Dobbs, Handbook of the Law of Remedies, Section 2.5 (1973). In addition, a substantial failure of consideration or nonperformance is an appropriate ground for rescission and recovery of monies paid. *Andrews v. Sams*, 233 Va. 55 (1987), and *Southwest Lbr. Export Co. v. Friend*, 158 Va. 863 (1932). However, partial failure without fraud on the part of the other party does not warrant a claim for rescission. *Bolling v. King Coal Theatres*, 185 Va. 991 (1947).

Misrepresentation/fraud constitutes a basis for rescission given the following:

(i) The misrepresentation must be a positive statement of a material fact made for the purpose of securing the contract. *Witter v. Torbett*, 604 F. Supp. 298 (W.D. Va. 1984).

(ii) Prejudice as a result of justifiable reliance thereon. *Edmunds v. Gwynn*, 157 Va. 528 (1932).

The Court may reasonably infer from the Bill of Complaint that certain acts subsequent to contract execution, such as conveyance of the deed, may constitute actionable fraud. The Court may infer that Defendant Ayers, acting as agent of Defendant Hamilton, transferred realty to Defendant Hamilton, subsequently conveyed said realty to other parties at the direction of Defendant Hamilton and contrary to the terms of the escrow instructions, and that Defendant Hamilton failed to tender payment upon conveyance of the deed. (*See* paragraphs 3, 7, 15, 23 and exhibits A, B, and C).

Plaintiff failed to allege with specificity that the Defendants misrepresented a material fact prior to the contract's execution "for the purpose of securing the contract." Misrepresentation/fraud must be pled with specificity. *Tuscarora, Inc. v. B.V.A. Credit Corporation*, 218 Va. 849 (1978). The bill of complaint must set forth

the identities of the agents alleged to have perpetrated the fraud and the details of the fraudulent acts. *Id.*, 218 Va. 849 (1978). For example, if A contracts to sell C Blackacre, A's failure to convey upon payment does not sufficiently detail fraud in the inducement. However, if C alleged with a good faith basis that A had previously entered into a contract for the sale of Blackacre to D, then fraudulent conduct in the inducement has been adequately pled.

Plaintiff's reliance of *Ware v. Scott*, 220 Va. 317 (1979), is ill founded. The Court cannot fabricate the concealment of a material fact. Again, the pleadings fail to detail such concealment prior to Plaintiff's conveyance.

A breach warranting rescission must be so material and substantial that it affects the very essence of the contract. *Matzelle v. Pratt*, 332 F. Supp. 1010 (E.D. Va. 1971). For example, regarding land contracts, "rescission is not granted for a short delay by the purchaser in paying the price unless time was made of the essence." D. Dobbs, Handbook on the Law of Remedies at 857 (1973).

Defendant Hamilton's failure to tender payment from October 5, 1988, through October 18, 1988, does not warrant rescission of the purchase contract or setting aside of the deed. In equity, time is not usually regarded as of the essence in contracts for the sale of real estate unless expressly provided for or fairness requires such a construction given the circumstances presented. *Turney v. Smith*, 211 Va. 810 (1971), *Cranford v. Hubbard*, 208 Va. 689 (1968). The contract neglects to provide that time was of the essence. Thirteen days may reasonably be construed as a "short delay."

A breach by "the depository of the terms of an escrow arrangement gives rise to a cause of action contractual in nature." *Winslow, Inc. v. Scaife, Jr.*, 219 Va. 997 (1979), citing *Hiss v. Freidberg*, 201 Va. 572 (1960). As previously noted, breach of fiduciary duties may permit equitable relief. 7A M.J. *Equity*, Section 8 (1986), citing *Zetelle v. Myers*, 60 Va. (19 Gratt.) 62 (1869). *See also* D. Dobbs, Handbook on the Law of Remedies, Section 2.5 (1973).

Although Plaintiff alleged the existence of an escrow arrangement between the parties and prejudice as a proximate cause of a breach thereof (*see* paragraphs 10-16 and 29),

the Court's difficulty in unwinding the transaction precludes rescission. Upon conveyance of land to the purchaser by deed, courts are reluctant to disturb the transaction. As a rule, "a rescission after conveyance will be more dislocating to the parties than a rescission at an earlier stage and in these circumstances the remedy of damages or specific performance may be a less radical one than rescission." *Id.*, at 857 (1973).

Plaintiff alleges that lots were conveyed to other parties. Plaintiff failed to allege whether said parties were not bona fide purchasers without notice. (*See* paragraph # 16).

Rescission is a remedy which "presupposes that the parties can be restored to the status quo ante." *American General Insurance Company v. Equitable General Corporation*, 493 F. Supp. 721 (E.D. Va. 1980), citing *Braumel v. Rosen*, 412 F.2d 571 (4th Cir. 1969). *See also Dobie v. Sears Roebuck*, 164 Va. 464 (1935). The Court in *American General Insurance Company v. Equitable General Corporation*, 493 F. Supp. 721 (E.D. Va. 1980), granted rescission after noting that, "no third-party interests are present which will be prejudiced unfairly by the granting of rescission." As a matter of public policy, "the creation of potential rights in the grantor to rescind tends to dampen the free transfer of land, and it also tends to make the validity of title depend on matters outside the public records -- that is, on an investigation whether a deed provision had been suitably complied with." D. Dobbs, Handbook on the Law of Remedies, Section 12.12 (1973).

It is apparent from the record that third-party interests will be prejudiced. Given the potential devastating effect to third parties and that the essence of Plaintiff's claim is contractual in nature, this action is transferred to the law docket.